ALLEN v. KNOTT.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1909.)

No. 2,908.

1. TRIAL (§ 418*)—DEMURRER TO EVIDENCE—WAIVER.

An exception to the ruling of the court denying defendant's motion for judgment at the close of plaintiff's case is waived by the introduction of evidence by defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 981; Dec. Dig. § 418.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. APPEAL AND ERROR (§ 849\*)—REVIEW—ACTION TRIED WITHOUT JURY.**

Where a jury is waived in an action at law in a federal court, and the cause submitted to the court, without any motion for judgment at the close of the evidence, and the court makes a general finding only, and no exceptions are taken to any rulings made during the progress of the trial, no question of law is presented by the record for the consideration of the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3363–3365; Dec. Dig. § 849.\*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Jesse W. Barrett, Sp. Asst. U. S. Atty., for plaintiff in error.

Walter N. Davis, for defendant in error.

Before SANBORN, VAN DEVANTER, and ADAMS, Circuit Judges.

PER CURIAM. This action, to recover the amount of a tax and accrued penalty paid by a manufacturer of oleomargarine under protest, from the collector of internal revenue, was submitted for final judgment to the trial court, a jury having been duly waived, upon proof taken by both sides on the issues joined. At the close of plaintiff's case the collector moved for judgment in his favor and saved an exception to an adverse ruling on that motion. He then introduced evidence in his own favor. By doing so he waived the exception taken to the action of the court in denying his motion for a judgment. Barnard v. Randle, 49 C. C. A. 177, 110 Fed. 906. He closed his case without again moving for judgment in his favor, and submitted the same to the court for a general finding according to the preponderance of proof, and such finding only was made. No exceptions were preserved to any rulings of the court made during the progress of the trial. On such a record no question of law is presented for our consideration. Keeley v. Ophir Hill Consolidated Mining Co. (C. C. A.) 169 Fed. 601, and cases cited.

The judgment of the Circuit Court is accordingly affirmed.