SANDEEN v. TSCHIDER.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1913.)

No. 3,827.

1. INFANTS (§ 74*)—ACTIONS FOR INJURIES—GUARDIAN AD LITEM—FORM OF ACTION.

An action for injuries to an infant, in the absence of statute, should be brought in the name of the infant by his guardian ad litem, and not in the name of the guardian for the infant.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 188–190; Dec. Dig. § 74.*]

2. PARTIES (§ 75*)—PERSON ENTITLED TO SUE—DEMURRER.

That an action for injuries to an infant was erroneously brought in the name of the infant's guardian ad litem for the infant, instead of in the name of the infant by his guardian ad litem, could have been raised by demurrer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 115, 116, 167; Dec. Dig. § 75;* Pleading, Cent. Dig. § 494.]

3. APPEAL AND ERROR (§ 233*)—DESIGNATION OF PLAINTIFF—REVIEW—QUESTION NOT RAISED AT TRIAL.

An action for injuries to an infant having been erroneously brought in the name of his guardian, instead of in the name of the infant by his guardian, the objection was not raised by demurrer; but it was stipulated that plaintiff was the duly appointed, qualified, and acting guardian ad litem of the person injured, who was a minor. At the close of plaintiff's evidence defendant moved to dismiss the complaint, on the ground that no cause of action had been established against defendant, and, this motion being denied, defendant introduced evidence, and then, at the close of all the evidence, moved for a directed verdict on the ground that no cause of action had been established by the evidence "against the defendant," but not that no cause of action had been established in favor of the plaintiff. Held, that the defect was not raised by any of such proceedings at the trial, and could not be taken advantage of on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 233.*]

4. TRIAL (§ 419*)—MOTION TO DISMISS—DENIAL—WAIVER.

Introduction of evidence by defendant in his own behalf after the denial of a motion to dismiss is a waiver of error, if any, in the ruling.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.*]

5. NEGLIGENCE (§ 23*)—DANGEROUS INSTRUMENTALITIES—CHILDREN—EXPLOSIVE CAPS.

Defendant railroad contractor, in the construction of a piece of new railroad, being required to do certain blasting, procured certain caps of

———
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

about 300 pounds capacity with which to explode the dynamite. The blasting having been completed, defendant's foreman left a tin can containing the caps on the bank near some railroad ties, and later plaintiff, a boy of 11, wandered along the grade, found the caps, and took some of them. He attempted to remove the inside of one with a safety pin, when it exploded, tearing away a part of his hand. It was also shown that children were in the habit of congregating along the work, and that defendant made no objection thereto, except when they attempted to board cars or otherwise interfere with the work. *Held*, that the foreman's act in leaving the caps so exposed would be actionable negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 33, 34, 129; Dec. Dig. § 23.*]

In Error to the District Court of the United States for the District of North Dakota; James D. Elliott, Judge.

Action by J. E. Tschider, as guardian ad litem of William Tschider, against Charles Sandeen. Judgment for plaintiff, and defendant brings error. Affirmed.

Harold Harris, of St. Paul, Minn., for plaintiff in error.

Arthur L. Knauf, of Jamestown, N. D. (John Knauf, of Jamestown, N. D., on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

SMITH, Circuit Judge. This suit was brought by J. E. Tschider, as guardian ad litem of William Tschider, against Charles Sandeen. It appears that the Northern Pacific was engaged in constructing a second track south of, but a considerable distance away from, its old track in the vicinity of Jamestown, N. D., and Mr. Sandeen had a contract for grading between Jamestown and Bloom, which included both cuts and fills. One of the cuts here in question was in hardpan, and in doing this work the men were compelled to do some blasting in connection with it, and used dynamite and black powder. The dynamite was exploded by the use of caps about the size of a lead pencil in diameter and about three-fourths of an inch to one inch in length and of about 300 pounds capacity. A large number of persons of all ages, including children, were out on the new grade viewing the work without objection upon the part of Mr. Sandeen, except when they jumped on the cars or otherwise interfered with the work. Blasting was concluded about the 27th or 28th of September, and the balance of the work about October 4th or 5th.

The jury were warranted in finding that Mr. Peterson, Mr. Sandeen's foreman, left a tin can containing these caps on a bank near some railroad ties. October 23, 1910, William Tschider, a boy 11 years and 3 months old, wandered out along the grade, on which no track was yet laid, and found about one-half of these caps, and took them with him. He soon began the attempt to remove the inside of one of them with a safety pin, when it exploded, tearing away his thumb and parts of two fingers. This suit was brought to recover his damages. Trial was had to a jury, and upon

its verdict a judgment was rendered for plaintiff, and Mr. Sandeen sued out this writ of error.

[1, 2] It is first contended that this suit should have been brought in the name of William Tschider, by J. E. Tschider, his guardian ad litem, instead of in the name of J. E. Tschider as guardian of William Tschider. This is probably, in the absence of statute, correct. Bradley v. Amidon, 10 Paige (N. Y.) 235; Fox v. Minor, 32 Cal. 112, 91 Am. Dec. 566; Emeric v. Alvarado, 64 Cal. 593, 2 Pac. 418. But the question remains, How was this point raised below? It could well have been raised by demurrer; but it was not. If it had been thus raised, the defect would doubtless have been at once corrected. An amendment could properly have been permitted, adding as plaintiff the minor by his guardian. In M., K. & T. Ry. Co. v. Sallie C. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. ——, it was held, where a mother brought suit in her individual capacity to recover damages by reason of her son's death while in the service of the railway company under the Employer's Liability Act, she could by amendment make herself plaintiff as administratrix of her son's estate.

[3] But so far from raising this question Mr. Sandeen expressly stipulated:

"That J. E. Tschider is the duly appointed, qualified, and acting guardian ad litem of William Tschider, the plaintiff in this case, a minor."

Thus he expressly entered of record his admission that the plaintiff in the case was the minor, and not the guardian.

[4] At the close of plaintiff's evidence Mr. Sandeen, by his attorney, made the following motion:

"Defendant moves to dismiss the complaint, on the ground that no cause of action has been established against the defendant."

This being overruled, Mr. Sandeen offered a considerable quantity of evidence in his own behalf. That this was a waiver of the error, if any, in the ruling is elementary. American Smelting & Refining Co. v. Karapa, 173 Fed. 607, 97 C. C. A. 517; Allen v. Knott, 171 Fed. 76, 96 C. C. A. 180, and numerous other cases.

It is claimed this question was raised by a motion at the close of all of the evidence:

"The defendant moves for a directed verdict, on the ground that no cause of action has been established by the evidence against the defendant."

In C., O. & G. R. Co. v. Jackson, 192 Fed. 792, 114 C. C. A. 12, we fully considered the question as to how specific this motion must be; but there is no case holding that on such a motion points can be raised in an appellate court expressly excluded by the terms of the motion itself.

Here the motion was on the specific ground that no cause of action had been established by the evidence against the defendant. It is now contended that, if the evidence established a cause of action in favor of William Tschider, by his guardian, against the defendant, the motion should have been sustained, because the case did not establish a cause of action in favor of J. E. Tschider, guardian; that is, it is now contended that, if the evidence established a cause of action in favor

of William Tschider, by his guardian, it did not establish a cause of action by the guardian of William Tschider, and therefore a motion to direct a verdict on the ground that "no cause of action has been established by the evidence against the defendant" should have been sustained.

If the motion had been upon the ground that no cause of action in favor of the plaintiff had been established by the evidence against the defendant, the question would be worthy of consideration; but the motion as made had no reference to the plaintiff or his right to sue, but was based solely on the ground that no cause of action at all had been established by the evidence against the defendant. The question was never raised below, and is of no avail now.

[5] There are many assignments of errors based upon the charge of the court. It must be borne in mind that the place in question was not a railroad in operation. It was not even a case of double tracking in the ordinary sense, as the new track was 40 to 80 feet from the old one. The conditions at the point in question were not different from what they would have been in the construction of a new road. The defendant below well knew that children and others were in the habit of congregating along this new work and made no objection thereto. The evidence on these points is so undisputed that the court might well have instructed the jury to find for the plaintiff upon them; but they were fairly submitted to the jury with the balance of the case.

If the foreman, Peterson, left these highly explosive caps where the child found them, that was negligence of the grossest kind. The only questions that defendant was entitled to have had submitted to the jury were whether Peterson left them there and the alleged contributory negligence of young Tschider, and both of these were submitted with the utmost fairness.

There is no reversible error shown, and the judgment is affirmed.