## COLLINS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 10, 1914. On Petition for Rehearing, January 11, 1915.)

### No. 3981.

1. CRIMINAL LAW ☞274—PLEA—WITHDRAWAL—PERMISSION—DISCRETION—DEMURRER TO INDICTMENT.

It was not an abuse .of discretion to deny an application for leave to withdraw a plea of not guilty, that accused might demur to the indictment, because the court had previously sustained a demurrer to a similar indictment against another, which ruling was subsequently reversed, since accused could not be prejudiced or helped by such ruling, except as it might finally result in an authoritative declaration of some principle of law affecting every one.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 632, 633; Dec. Dig. ☞274.]

2. COURTS ☞90—TRIAL COURT—VIEWS OF LAW.

A trial court does not irrevocably commit itself to its views of the law, even in the case in which they are announced, when there is no invasion of some constitutional safeguard, like immunity from double jeopardy, nor prejudice to defendant in making his defense.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321, 351; Dec. Dig. ☞90.]

### On Petition for Rehearing.

3. CRIMINAL LAW ☞1090—BILL OF EXCEPTIONS—NECESSITY.

Rulings during the trial of an action at law, not being inherently a part of the record to be reviewed on writ of error, must be embodied in a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ☞1090.]

4. CRIMINAL LAW ☞1091—APPEAL—BILL OF EXCEPTIONS—SUFFICIENCY.

Where an alleged. bill of exceptions contained no reference to rulings at the trial, and did not show whether any rulings were invoked, or whether the court made any, and it did not appear therefrom that an occasion for a ruling arose, or that the court ruled in fact, except as it might be inferred from the reason given by counsel for the exceptions, it was insufficient.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. ☞1091.]

5. CRIMINAL LAW ☞1091—BILL OF EXCEPTIONS—TIME OF EXCEPTIONS.

Where a trial occurred in January, 1913, and an alleged bill of exceptions was served and allowed in March, reciting, "The defendant further excepts for the reason that the court erred" in doing thus and so, it was not thereby made to appear that the exceptions were taken at the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. ☞1091.]

6. CRIMINAL LAW ☞1091—BILL OF EXCEPTIONS—TAKING—TIME.

Though a bill of exceptions may be drawn and allowed after trial, it must show that the exceptions preserved were taken at the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. ☞1091.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. **CRIMINAL LAW ☜═901—TRIAL—QUESTIONS OF LAW OR FACT—DEMURRER TO EVIDENCE—WAIVER.**

Alleged error in overruling defendant's oral demurrer to the government's testimony is waived, where defendant thereupon introduces testimony in his own behalf.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124; Dec. Dig. ☜═901.]

8. **CRIMINAL LAW ☜═1121—ASSIGNMENTS OF ERROR—REVIEW.**

An assignment that the court erred in denying defendant's request for a directed verdict was not reviewable, where there was nothing in the record showing when the request was made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2938, 2939; Dec. Dig. ☜═1121.]

9. **CRIMINAL LAW ☜═1129—APPEAL AND ERROR—ASSIGNMENTS OF ERROR.**

An assignment that the court erred in entering judgment against the defendant, and in favor of the United States, was too general to present any question for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954–2964; Dec. Dig. ☜═1129.]

10. **CRIMINAL LAW ☜═1091—BILL OF EXCEPTIONS—MOTION IN ARREST.**

A motion in arrest of judgment is part of the record, and an exception to an order denying the same is saved in the order, and hence need not be incorporated in the bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. ☜═1091.]

11. **CRIMINAL LAW ☜═1156—APPEAL—MOTION FOR NEW TRIAL.**

A motion by accused for a new trial is addressed to the discretion of the court, and an order denying the same will not be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. ☜═1156.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Jack Collins was convicted of introducing liquor into the Indian country, and he brings error. Affirmed.

W. J. Sullivan, of Muskogee, Okl., for plaintiff in error.

D. H. Linebaugh, U. S. Atty., and Frank Lee, Asst. U. S. Atty., both of Muskogee, Okl.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. Collins was indicted for introducing liquor into the Indian country. He waived arraignment and pleaded not guilty. When the case came on for trial, he asked leave to withdraw his plea, so that he could demur to the indictment. His motion was denied, and he was tried, convicted, and sentenced.

[1] It is admitted that granting or denying such a motion is a matter of discretion, but it is urged that the trial court abused its discretion, because it had then recently sustained a demurrer to a like indictment against one Wright, and that until reversed that ruling stood as the law of the land, to be obeyed by the court. The Supreme Court afterwards reversed the ruling in the Wright Case, 229 U. S. 226, 33

Sup. Ct. 630, 57 L. Ed. 1160; but it is contended that its decision does not relate back to cure a previous abuse of discretion by the trial court. The statement of the contention shows its unsoundness. There was no abuse of discretion. Collins was a stranger to the Wright Case, and he could be neither prejudiced nor helped by it, excepting as it might finally result in the authoritative declaration of some principle of law affecting everybody. He had no legal interest in a ruling at the trial of another case.

[2] A trial court does not irrevocably commit itself to its views of the law, even in the case in which they are announced, when there is no invasion of some constitutional safeguard, like immunity from double jeopardy, nor prejudice to the defendant in making his defense. Ordinarily a trial court may correct its misconceptions as it goes along. Certainly it is not required to carry those of one case over into another.

The sentence is affirmed.

## On Petition for Rehearing.

W. J. Sullivan and R. Emmett Stewart, both of Muskogee, Okl., for petitioner.

HOOK, Circuit Judge. This is a petition by Collins for rehearing upon the ground that the court overlooked certain assignments of error. The rules of appellate procedure are for the most part so well settled that the constant repetition of them in opinions serves no useful purpose. To do much more than to discuss meritorious questions properly preserved and presented is a task beyond the capacity of the courts. However, as this case involves the liberty of a citizen, and the assignments referred to are not on their face without merit, we will give the reasons for their omission from the opinion, though in doing so we but say what has been said very many times before. The assignments are:

5. Because the court erred in overruling the defendant's oral demurrer at the conclusion of government's testimony, for the reason that no testimony was adduced wherein it was shown, or wherein it was attempted to be shown, or wherein it was proven, that the alleged introduction of intoxicating liquors, set out in the purported indictment, were introduced into Indian country from without said Indian country and from without the state of Oklahoma.

6. Because the court erred in refusing defendant's request to direct the jury in said cause to return a verdict of not guilty, for the reason that the proof adduced did not in any way show, nor did it even tend to show, the initial point of shipment, whether interstate or intrastate, and no proof was adduced to connect this defendant with its introduction into Indian country and from without the state of Oklahoma.

8. Because the court erred in this: That under the purported indictment and the proof introduced by the government, a conflict arose, for the reason of obscurity, uncertainty, and lack of knowledge of any point without the Indian country, or the state of Oklahoma, from whence it came.

10. Because the court erred in entering judgment herein against the defendant and in favor of the United States of America.

[3] Rulings during a trial of a cause at law, not being inherently a part of the record, must, to be reviewed in an appellate court, be

embodied in a bill of exceptions. The bill of exceptions in this case, aside from the formal parts, is composed of three instruments: (1) A statement, signed by counsel for Collins, the defendant; (2) a stipulation as to the testimony adduced, signed by counsel for both parties; (3) defendant's motion in arrest of judgment.

[4] Except in the first of these, no reference whatever is made to rulings at the trial; and even in the first, whether any rulings were invoked, or whether the court made any, is not affirmatively stated, but is left to inference or implication. For example, it is stated by defendant's counsel:

"The defendant further excepts for the reason that the court erred in refusing defendant's request to direct the jury in said cause to return a verdict of not guilty."

Here, and in each of the other instances set forth in the statement, it does not appear that an occasion for a ruling arose, or that the court ruled, except as it may be inferred from the reason given by counsel for the exception.

[5] But if we assume that by signing the bill of exceptions the trial court certified in effect that the reasons given by counsel for exceptions set forth actual rulings at the trial, there is still a fatal defect in the bill of exceptions. It does not appear that the exceptions were taken at the trial. On the contrary, it appears they were taken afterwards. Unlike bills of exceptions in some cases, no help is given by a progressive, chronological recital of the proceedings in the trial court from which the time of exceptions and of other occurrences might fairly be inferred. As already observed, the only exceptions mentioned in the bill are those recited in the statement signed by defendant's counsel. The trial was in January, 1913; the bill of exceptions was served and allowed in March, more than a month afterwards. The exceptions appear as presently taken to rulings in the past—as taken when the bill of exceptions was prepared. Each paragraph in the statement begins: "The defendant further excepts for the reason that the court erred" in doing so and so. One of them recited the ruling on the motion in arrest of judgment, which was obviously after the trial.

The office of a bill of exceptions has been misconceived. It is for recording exceptions that were taken to rulings of the court; it is not for the present taking of exceptions to rulings in a trial that has ended. In this particular the case at bar is similar to Pacific Express Co. v. Malin, 132 U. S. 531, 10 Sup. Ct. 166, 33 L. Ed. 450. There the verdict was rendered October 6th. On October 8th two bills of exceptions were tendered to the court and signed. Both related to the charge to the jury. One of them began: "Now comes the defendant and excepts," etc., and concluded: "And for said reasons defendant objects and excepts," etc. The beginning of the other was similar. The Supreme Court said:

"It may be further remarked that the alleged bills of exceptions do not show that the exceptions were taken on the trial. While exceptions may be reduced to form and signed after the trial, they must appear affirmatively to have been taken before the jury withdrew from the bar."

See, also, United States v. Carey, 110 U. S. 51, 3 Sup. Ct. 424, 28 L. Ed. 67, where it was sought to take an exception to a ruling on evidence by a bill of exceptions tendered after the trial.

[6] That motions and objections are made and overruled is not sufficient without exceptions to bring them before an appellate court. Newport News, etc., Co. v. Place, 158 U. S. 36, 15 Sup. Ct. 743, 39 L. Ed. 887. Though the bill of exceptions may be drawn and allowed afterwards, the exception itself must be taken at the trial. Phelps v. Mayer, 16 How. 160, 14 L. Ed. 643. In Insurance Co. v. Boon, 95 U. S. 117, 127 (24 L. Ed. 395), the court said:

"We hold now, as we have always holden, that when bills of exceptions are necessary to bring any matter upon record so that it can be reviewed in error, it must appear by the record that the exception was taken at the trial. A judge cannot afterwards allow one not taken in time."

[7-9] But, if the foregoing were not in the way, there would still be difficulties. The fifth assignment of error is directed to the overruling of defendant's oral demurrer to the Government's testimony. The defendant nevertheless introduced his testimony. See Accident Ins. Co. v. Crandal, 120 U. S. 527, 7 Sup. Ct. 685, 30 L. Ed. 740. The sixth assignment is on a denial of defendant's request for a directed verdict. There is nothing in the record showing when the request was made; for aught that appears it may have been coupled with the oral demurrer. The eighth assignment is in two sentences, the first of which only is in the bill of exceptions. The first sentence, standing by itself, is too indefinite to indicate what was meant. The second sentence was designed to make it clear, but it first appeared in that connection in the assignment of error. See Missouri Pacific Railway v. Fitzgerald, 160 U. S. 556, 575, 16 Sup. Ct. 389, 40 L. Ed. 536. The tenth assignment is:

"Because the court erred in entering judgment herein against the defendant and in favor of the United States of America."

This is too general to present a question for review. See Scholey v. Rew, 23 Wall. 331, 345, 23 L. Ed. 99; Texas & Pacific R. Co. v. Archibald, 170 U. S. 665, 668, 18 Sup. Ct. 777, 42 L. Ed. 1188.

[10] The motion in arrest of judgment was unnecessarily incorporated in the bill of exceptions. The order overruling it properly appears in the record outside. An exception was saved in the order. No assignment of error was directed in terms to the overruling of the motion, but one of the grounds of the motion was that:

"The court erred at the close of government's case, to overrule defendant's demurrer to the testimony introduced, and refusing to direct a verdict of not guilty, said testimony entirely failing," etc.

If the fifth and sixth assignments of error are based upon the presence of these two matters in the motion, it would still have to be said that the sufficiency of the evidence to sustain the verdict and judgment cannot be tested by a motion in arrest. See Bond v. Dustin, 112 U. S. 604, 608, 5 Sup. Ct. 296, 28 L. Ed. 835.

[11] But if as to these matters the motion were treated as one for a new trial, we would get no further. A motion for a new trial is addressed to the discretion of the trial court. An order denying it

will not be reviewed. See Blitz v. United States, 153 U. S. 308, 14 ¡Sup. Ct. 924, 38 L. Ed. 725. It may be added that no assignment of error filed in the trial court, as distinguished from those set forth in the brief of counsel, directly or distinctly challenged the sufficiency of the indictment.

The foregoing rules are old in the law. Most of them have been announced very many times by the appellate courts of the United States. Some are essential to justice itself; all are important to the orderly and efficient conduct of judicial business. Compliance with them is no hardship. There are cases in which we will notice plain errors not assigned, and endeavor so far as we can to see that no grievous wrong results from the machinery of procedure. But the power is not without limitations; and it should be cautiously exercised—as, for example, where in the final analysis of the merits of a case we feel that an innocent man has been convicted.

The petition for rehearing is denied.