LOHMAN v. STOCKYARDS LOAN CO. *

(Circuit Court of Appeals, Eighth Circuit. April 9, 1917.)

No. 4779.

1. APPEAL AND ERROR ⬳758(1)—AFFIRMANCE FOR DEFECTS IN BRIEF.

Disregard of rule 24 of the Eighth Circuit (188 Fed. xvi, 109 C. C. A. xvi), requiring the brief of plaintiff in error to set out the specifications of error relied upon separately, warrants an affirmance of the judgment.

2. APPEAL AND ERROR ⬳204(3, 4), 205, 217, 259, 260(1, 2)—REVIEW—NECESSITY OF OBJECTIONS AND EXCEPTIONS.

The sustaining of an objection to a question, the admission in evidence of a mortgage and a certified copy thereof, and permitting the jury to take depositions with them in the jury room, cannot be reviewed, where no objections were made or else no exceptions were taken.

3. APPEAL AND ERROR ⬳977(5)—MATTERS REVIEWABLE—DENIAL OF NEW TRIAL.

A complaint that the court overruled the motion for a new trial presents no proper question for review.

4. TRIAL ⬳418—DEMURRER TO EVIDENCE—WAIVER.

A complaint, that the court overruled defendant's demurrer to plaintiff's evidence, presents no proper question for review, where defendant then introduced his evidence, and did not renew the motion in any form, nor request a verdict to be directed in his favor.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Replevin by the Stockyards Loan Company against A. W. Lohman. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles M. Cope, of Pawhuska, Okl., for plaintiff in error.

R. F. Blair, of Wagoner, Okl. (B. F. Deatherage, of Kansas City, Mo., on the brief), for defendant in error.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. In its facts this case is in many ways similar to the case of Stockyards Loan Co. v. Nichols, 243 Fed. 511, —— C. C. A. ——, and the cases were argued and submitted at the same time: The loan company began an action of replevin against Nichols and Lohman, to recover possession of some cattle. The case was subsequently dismissed as to Nichols, as the cattle were not in his possession when replevined. The plaintiff asserted a lien by reason of the same mortgage that it relied upon in the other case. The cattle in controversy here were purchased by Nichols a few weeks after the execution of the mortgage. He and Mr. Charboneau made a purchase of 108 head of cattle and each took half of them. Each then branded his cattle, Nichols placing the crossbar brand upon the left shoulder of those he selected. They kept them together in Charboneau's pasture in Cherokee county, Okl. A week or two afterwards, the defendant Lohman, accompanied by Mr. Miller, a friendly adviser, made an examination of the herd with a view of purchasing them. There was evidence tending to show that Miller, in the presence and hearing of Lohman, asked Charboneau why the cattle bore two different brands, and Charboneau answered that half of the cattle belonged to him and half to Nichols, and that Nichols had his half mortgaged to one firm and he had his half mortgaged to another, and therefore they had separate brands to distinguish them. The next day Lohman purchased the cattle and thereafter shipped them to his ranch in Osage county.

They were seized in this action in August, 1915. The court submitted the case to the jury, and the jury found for plaintiff under instructions of the court that, unless Lohman had notice of plaintiff's mortgage before he purchased the cattle, the verdict must be for the defendant.

[1] The brief of plaintiff in error disregards the provisions of rule 24 of this court (188 Fed. xvi, 109 C. C. A. xvi), which requires the brief to set out the specifications of errors relied upon separately, and this would warrant an affirmance of the judgment. Moline Trust & Savings Bank v. Wylie, 149 Fed. 734, 79 C. C. A. 440.

[2-4] In the specification of errors as filed in the lower court, objections are made, because an objection was sustained to a question asked of witness Charboneau, because the jury were permitted to take some depositions with them to the jury room and because of the admission in evidence of the original mortgage, and of a certified copy of that mortgage; but the record shows that no objections were made, or else that no exceptions were taken to the rulings made on these matters. No proper questions for review are presented by complaints that the court overruled defendant's motion for a new trial, and his demurrer to plaintiff's evidence, because the defendant then produced his evidence and did not renew the motion in any form nor request a verdict to be directed in his favor. Holder v. United States, 150 U. S. 91, 14 Sup. Ct. 10, 37 L. Ed. 1010; Allen v. Knott, 171 Fed. 76, 96 C. C. A. 180; Collins v. United States, 219 Fed. 670, 135 C. C. A. 342.

Other assignments of error raise the question whether the mortgage imposed a lien on the cattle acquired by Nichols after the date of its execution. The question has been determined in the case of Stockyards Loan Company v. Nichols, supra, and what is said there need not be repeated here.

This disposes of all material questions presented and the judgment of the court below will be affirmed.