COLLINS v. MORGAN.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1917.)

No. 4680.

1. HABEAS CORPUS ⬤➡4—SCOPE OF INQUIRY.
    A writ of habeas corpus cannot be used as a writ of error, but only for the consideration of fundamental and jurisdictional questions.

2. HABEAS CORPUS ⬤➡105—NATURE OF WRIT—SCOPE.
    A writ of habeas corpus may be employed to correct an excessive punishment, after that which might have been lawfully imposed has been satisfied, upon the theory that a court is without power to impose a greater punishment than the law prescribes; but on habeas corpus a court has nothing to do with questions arising on the evidence presented to sustain the charge.

3. HABEAS CORPUS ⬤➡96—SCOPE OF WRIT.
    A writ of habeas corpus cannot be used to review a decision upon the legal sufficiency of a defense of former jeopardy.

4. HABEAS CORPUS ⬤➡30(1)—WRIT—NATURE OF.
    Mere error of law in the exercise of jurisdiction, though serious, is no ground for the writ of habeas corpus.

5. HABEAS CORPUS ⬤➡92(1)—SCOPE OF WRIT.
    Questions of jurisdiction even will not always be decided on writ of habeas corpus; the principle being that, if the court had jurisdiction of the case, the writ cannot be employed to retry the issues, whether of law, constitutional or otherwise, or of fact.

6. HABEAS CORPUS ⬤➡92(1)—TRIAL—JURISDICTION.
    Whether an act charged in an indictment is or is not a crime by the law which the court administers is a question within its jurisdiction.

---
⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. INDIANS ⬦⟹38(4)—INDIAN COUNTRY—CARRYING LIQUOR INTO—"WITHOUT."

The indictment under which petitioner was convicted and sentenced for the crime of introducing and carrying intoxicating liquor into Muskogee county, Okl., described the county as being a portion of the Indian country, and a part of what was formerly Indian Territory, and charged the introduction and carrying of liquor into said Indian country and into the county from without such Indian country. The act of 1895, prohibiting carrying of liquor into the Indian Territory, was, before the Oklahoma Enabling Act of 1906, in general terms, but after the Enabling Act its scope was restricted to the carrying of the liquor into what was formerly the Indian Territory from without the new state. *Held* that, as the word "without" means anywhere outside, the indictment was sufficient to charge an offense under the act of 1895, and to support a sentence under such act, and hence accused could not obtain release on habeas corpus, on the ground that the court was without jurisdiction to impose sentence in accordance with the act of 1895, but could proceed only under the act of 1897, which prohibits the introduction of liquor into the Indian country.

8. HABEAS CORPUS ⬦⟹80(2)—SUFFICIENCY OF INDICTMENT—DISCHARGE.

It is no ground for discharge on habas corpus that the indictment is duplicitous, charging in one count offenses under two acts.

Sanborn, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by Jack Collins, on the petition of T. W. Bell, for a writ of habeas corpus against Thomas W. Morgan. From an order denying the writ, petitioner appeals. Affirmed.

R. E. Stewart, of Muskogee, Okl., and T. W. Bell, of Leavenworth, Kan. (G. W. P. Brown, of Muskogee, Okl., on the brief), for appellant.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., of Kansas City, Kan., on the brief), for appellee.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is an appeal from an order denying Jack Collins a writ of habeas corpus. The petitioner had been convicted and sentenced for introducing and carrying intoxicating liquor into Muskogee county, Okl., and the Eastern judicial district of that state. The indictment described the county and district as being a "portion of the Indian country of the said United States," and charged the introduction and carrying of the liquor "into said Indian country and into the county aforesaid from without such Indian country; * * * the said county and district having been a portion of the territory of the said United States known as Indian Territory." The sentence was imprisonment for three years. On writ of error the sentence was affirmed by this court. Collins v. United States, 135 C. C. A. 342, 219 Fed. 670. A rehearing was denied (135 C. C. A. 344, 219 Fed. 672); and a writ of certiorari was denied by the Supreme Court (238 U. S. 625, 35 Sup. Ct. 663, 59 L. Ed. 1495). The sufficiency of the indictment and of the evidence to sustain the verdict was not properly challenged before us, and was therefore not considered.

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

It is now urged that the indictment was under the act of January 30, 1897 (29 Stat. 506, c. 109), and not under section 8 of the act of March 1, 1895 (28 Stat. 693, c. 145), as limited by the Oklahoma Enabling Act of June 16, 1906 (34 Stat. 267, c. 3335), and that the extent of imprisonment imposed upon the petitioner was not authorized by the act of 1897 and was beyond its power or jurisdiction. If the indictment is sustainable under the act of 1895, the term of imprisonment was fully authorized. A stipulation as to testimony at the trial is attached to the petition for the writ of habeas corpus; but, regarding it most favorably to petitioner as reciting all the testimony (which is doubtful), it is clear, as will presently appear, that we cannot consider it. We also pass by the contention of the government that petitioner had not served the lesser term of imprisonment that could have been assessed under the act of 1897.

[1-5] It is a familiar rule that a writ of habeas corpus cannot be used as a writ of error, but only for the consideration of fundamental and jurisdictional questions. Collins v. Johnston, 237 U. S. 502, 35 Sup. Ct. 649, 59 L. Ed. 1071. It may be employed to correct an excess of punishment, after that which might have been lawfully imposed has been satisfied. This is upon the theory that a court is without power to impose a greater punishment than the law prescribes. But in habeas corpus a court has "nothing to do with questions arising on the evidence presented to sustain the charge." Ex parte Carll, 106 U. S. 521, 523, 1 Sup. Ct. 535, 27 L. Ed. 288. It cannot review a decision upon the legal sufficiency of a defense of former jeopardy. Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005. Mere error of law in the exercise of jurisdiction, even though serious, is no ground for the writ. McMicking v. Schields, 238 U. S. 99, 35 Sup. Ct. 665, 59 L. Ed. 1220. Even questions of jurisdiction will not always be decided. Henry v. Henkel, 235 U. S. 219, 228, 35 Sup. Ct. 54, 59 L. Ed. 203. "The principle of the cases is the simple one that, if a court has jurisdiction of the case, the writ of habeas corpus cannot be employed to retry the issues, whether of law, constitutional or other, or of fact." Glasgow v. Moyer, 225 U. S. 420, 429, 32 Sup. Ct. 753, 756, 56 L. Ed. 1147. If the trial court had jurisdiction to try the issues and to render the judgment, the sufficiency of the information or of the acts set forth in an agreed statement to constitute a crime cannot be considered on habeas corpus. Matter of Gregory, 219 U. S. 210, 213, 31 Sup. Ct. 143, 55 L. Ed. 184.

[6] Whether an act charged in an indictment is or is not a crime by the law which the court administers is a question within its jurisdiction. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787. In Ex parte Webb, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. Ed. 1248, the indictment charged an introduction of liquor into the Indian country and was clearly under the act of 1897. It contained no averment indicating a charge under the act of 1895. For the purposes of the applications to the Supreme Court for an original writ of habeas corpus and for certiorari to review a denial of such a writ by the District Court certain facts were admitted. They disclosed that the liquor had not been introduced into the Indian country, but had been shipped from Missouri into what was formerly Indian Territory. The Supreme Court sustained the juris-

diction of the trial court under the act of 1895 and denied the applications. It said:

"Whether the offense is sufficiently alleged in the indictment is another question, which, on familiar grounds, is not a proper subject-matter for inquiry on habeas corpus."

Joplin Mercantile Co. v. United States, 236 U. S. 531, 35 Sup. Ct. 291, 59 L. Ed. 705, is relied on. It arose on certiorari to review a judgment of conviction, not on habeas corpus, and is not in point.

[7] In the case at bar the District Court had jurisdiction of the subject-matter and of the person of the petitioner, and at the most the narrow contention is that he was charged only with violating the act of 1897 and was punished excessively under the act of 1895. That contention will not stand, if the indictment also charged a violation of the latter statute, even though informally and indefinitely. The prohibition of the act of 1895 against carrying liquor into the Indian Territory before the passage of the Oklahoma Enabling Act of 1906 was in general terms. In other words, it was without limitation as regards the exterior source of the liquor. A carrying into the Indian Territory from anywhere without, whether from some state then organized and existing or from the territory of Oklahoma, would have been an offense. But after the Enabling Act and the creation of the state of Oklahoma the scope of the act of 1895 was restricted, and it had to be shown that the carrying of the liquor into what was formerly Indian Territory was from without the new state; that is to say, was in interstate commerce.

Now, let us look at the indictment, bearing in mind the very narrow scope of our power in habeas corpus. The indictment of petitioner clearly conformed to the general terms of the original act of 1895. It charged an introduction and carrying of liquor into Muskogee county and the Eastern district of Oklahoma, which were averred to be Indian country and a part of what was formerly Indian Territory, "from without such Indian country." "Without" is anywhere outside. True, the term included the part of the state that was formerly Oklahoma territory; but it also embraced the states and countries beyond. It was broad enough to signify any state other than Oklahoma as the initial point of the carrying into what was once Indian Territory.

[8] There was enough in the indictment to call for the court's construction in relation to the act of 1895, and construction is in the ordinary exercise of jurisdiction. It is quite probable that the indictment was framed to charge a violation of both acts, 1895 and 1897. The terms "carry," "Indian Territory," "introduce," and "Indian country" were used. The first two are found in the act of 1895, and the last two are peculiar to the act of 1897. But, even so, a double charge in a single count of an indictment is no ground for discharge on habeas corpus. It is not amiss to say that the record before us on the writ of error indicates that the sentence of petitioner under the act of 1895 was not imposed inadvertently.

The order is affirmed.

SANBORN, Circuit Judge (dissenting). When the indictment in this case was drawn, and when Jack Collins was tried, the only offense

for which the trial court had jurisdiction to sentence him to imprisonment for three years was the introduction of intoxicating liquors from outside the state of Oklahoma into that part of the state which had been the Indian Territory. There was a large part of that state which had never been any part of the Indian Territory. The introduction of intoxicating liquors from that part of the state—that is to say, their introduction from within the state of Oklahoma into that part of that state which had been the Indian Territory, or into the Indian country —was an offense for the commission of which the court had no juris·diction to impose a sentence of imprisonment for three years. Section 8, Act March 1, 1895, 28 Stat. 693; Joplin Mercantile Co. v. United States, 236 U. S. 531, 546, 547, 548, 35 Sup. Ct. 291, 59 L. Ed. 705. There was another act of Congress in force under which the trial court had jurisdiction to impose upon the petitioner, Collins, a sentence of imprisonment for two years, for the offense of introducing liquor into the "Indian country" from anywhere outside the Indian country, and the indictment against Collins charged him with the introduction of the liquors into the Indian country. Section 2139, Revised Stat. as amended by Act July 23, 1892, 27 Stat. 260, c. 234, as amended by Act Jan. 30, 1897, 29 Stat. 506, c. 109.

The term "Indian country" was not and is not synonymous with In·dian territory, nor with that part of Oklahoma which was formerly in Indian Territory. Indian country is all the country declared to be such by Act June 30, 1834, c. 161, to which the Indians retained their origi·nal title, in the absence of some different provision by treaty or act of Congress, and it includes much country in many states outside the state of Oklahoma. Evans v. Victor, 204 Fed. 361, 365, 122 C. C. A. 531, 535, and the cases there cited.

The question in this case is not whether or not the trial court had jurisdiction to try Collins and to sentence him to imprisonment under this indictment. That the indictment was sufficient to give the court jurisdiction to try him and to sentence him to imprisonment for two years under the act of 1892, as amended by the act of 1897, may be conceded. The only question in this case is: Did that court have jurisdiction under this indictment to sentence him to imprisonment for three years under the act of 1895, for it certainly had no such power under the act of 1892, or the act of 1897.

The excess of a sentence beyond the jurisdiction of the court which renders it, in a case in which it has ample jurisdiction of the case and of the parties, is as void as a judgment in a case in which the court has no jurisdiction, and a prisoner held under such excess alone is entitled to his relief by writ of habeas corpus. Ex parte Lange, 18 Wall. 163, 176, 178, 21 L. Ed. 872; Munson v. McClaughry, 198 Fed. 72, 77, 117 C. C. A. 180, 185, 42 L. R. A. (N. S.) 302, and the cases there cited; O'Brien v. McClaughry, 209 Fed. 816, 820, 126 C. C. A. 540, 544. In Ex parte Parks, 93 U. S. 18, 23, 23 L. Ed. 787, the Supreme Court said:

"The writ ought not to be issued, or, if issued, the prisoner should at once be remanded, if the court below had jurisdiction of the offense, and did no act beyond the powers conferred upon it. The court will look into the proceedings so far as to determine this question. If it finds that the court

below has transcended its powers, it will grant the writ and discharge the prisoner, even after judgment."

And the court does transcend its powers when it sentences the accused to a longer term of imprisonment than the law prescribes for the offense with which he is charged in the indictment. In the case of Hans Nielsen, Petitioner, 131 U. S. 176, 183, 9 Sup. Ct. 672, 674, 33 L. Ed. 118, that court said:

"It is true that, in the Case of Snow, we laid emphasis on the fact that the double conviction for the same offense appeared on the face of the judgment; but if it appears in the indictment, or anywhere else in the record (of which judgment is only a part), it is sufficient."

A comparison of the two laws—(1) section 2139, as amended by the acts of 1892 and 1897, under which a sentence of imprisonment for not exceeding two years might be imposed, which will be termed the two-year law; and (2) the act of 1895, under which a sentence of imprisonment for not exceeding five years might be imposed—with the indictment has convinced me that this indictment did not charge the offense denounced by the five-year statute, therefore did not invoke the jurisdiction of the trial court to inflict an imprisonment of more than two years, and hence that the excess of its sentence beyond the two years' imprisonment permitted by the two-year statute was beyond its jurisdiction and void. The Supreme Court had occasion to compare these two laws with the indictment in the case of Joplin Mercantile Co. v. United States, 236 U. S. 536, 35 Sup. Ct. 291, 59 L. Ed. 705. The object of the prosecution in this case was, as it was in that case, to punish an offense which must have had reference to one or the other of the two distinct prohibitions contained in these two laws. "The one," said the Supreme Court, "is that arising from Act July 23, 1892, c. 234, 27 Stat. 260, amending section 2139, Rev. Stat., and amended in its turn by Act Jan. 30, 1897, c. 109, 29 Stat. 506. The other is section 8 of Act March 1, 1895, c. 145, 28 Stat. 693. These are set forth in chronological order in 225 U. S. 671 [32 Sup. Ct. 842, 56 L. Ed. 1261]. The distinction now pertinent is that, under the act of 1897: 'Any person who shall introduce or attempt to introduce any malt, spirituous, or vinous liquor  *  *  *  or any ardent or intoxicating liquor of any kind whatsoever *into the Indian country, which term shall include any Indian allotment* while the title to the same shall be held in trust by the government, or while the same shall remain inalienable by the allottee without the consent of the United States, shall be punished,' etc.; while the act of 1895 declares: 'That any person, *  *  *  who shall, in said [Indian] Territory, manufacture  *  *  * any vinous, malt, or fermented liquors, or any other intoxicating drinks *  *  *  or who shall carry or in any manner have carried, *into said territory* any such liquors or drinks  *  *  *  shall, upon conviction thereof, be punished,' etc. The former has to do with the introduction of liquor into the 'Indian country'; the latter relates, not to the Indian country as such, but to the Indian Territory as a whole, irrespective of whether it, or any particular part of it, remained 'Indian country.' " The italics in the above quotation are those of the Supreme Court.

Turn now to the indictment in this case, bearing in mind (a) that the two laws forbid two distinct and separate offenses, the two-year law the introduction of liquors into the Indian country and the five-year law the introduction of liquors into the Indian Territory; (b) that the two-year law is a general law prohibiting the introduction of liquors into the Indian country anywhere in the United States; in Minnesota, Nebraska, Montana, and other states where there is Indian country, as much as in Oklahoma, while the five-year law is a local statute limited to the prohibition of the introduction of liquors into the Indian Territory; and (c) that the five-year statute was further limited by the enabling act of Oklahoma to the prohibition of the introduction of liquor *from without the state of Oklahoma* into that part of Oklahoma which was formerly the Indian Territory (236 U. S. 546, 547 [35 Sup. Ct. 291, 59 L. Ed. 705]), so that it was no violation of that law to introduce liquor from within the state of Oklahoma into that part of the state which was formerly the Indian Territory; and (d) that it was indispensable to the charge or statement of an offense under the five-year law that an averment be made that the liquors were introduced from without the state of Oklahoma. The entire charge in the indictment is in these words:

That Jack Collins, in the county and district in which he was tried, "said county and district then and there being a portion of the Indian country of the said United States, did, at the time and place aforesaid, unlawfully, willfully, knowingly, and feloniously, introduce and carry into said Indian country and into the county aforesaid, from without such Indian country, one quart of malt, vinous, spirituous, distilled, ardent, and intoxicating liquor, to wit, whisky and beer, the said county and district having been a portion of the territory of the said United States known as Indian Territory."

There can be no doubt that this indictment charges the introduction of liquors into the Indian country from without the Indian country, and therefore an offense under the two-year statute, which, says the Supreme Court, "has to do with introduction of liquor into the 'Indian country.'" And as the Supreme Court also says that the five-year statute "relates, not to the Indian country as such, but to the Indian Territory as a whole, irrespective of whether it or any particular part of it remained 'Indian country,'" the statement in the indictment that the liquor was introduced from without the Indian country was not a statement that it was introduced *from without the State of Oklahoma* into that part of Oklahoma that was formerly a part of the Indian Territory, and as there was no such averment or statement of its introduction from without that state in the indictment the conclusion is to my mind irresistible that the indictment utterly failed to charge an offense under the five-year statute, and left the court without jurisdiction to impose a sentence in excess of an imprisonment of two years for the simple introduction of liquors into the Indian country under the two-year statute.

Notwithstanding the view of the majority that the case of Joplin Mercantile Company v. United States, 236 U. S. 536, 537, 35 Sup. Ct. 291, 59 L. Ed. 705, is not in point in this case, it seems to me to be, and the conclusion I have reached appears to me to be abundantly sustained by the opinion in that case and to derive some support from

the fact that when the petitioner came here by writ of error for a review of his trial this court, doubtless without seriously considering the difference between an indictment for introducing liquors into the Indian country and for introducing them into the Indian Territory, yet doubtless not without perusing the indictment, said: "Collins was indicted for introducing liquor into the Indian country." Collins v. United States, 219 Fed. 670, 671, 135 C. C. A. 342. It is true that the opinion in Joplin Mercantile Company v. United States, was not rendered in a case involving relief from imprisonment by means of a writ of habeas corpus. Nevertheless the first crucial question of law decided in that case was the very question that conditions the decision of this case. It was: Does an indictment which charges the introduction of intoxicating liquors into the Indian country in that part of Oklahoma which was formerly the Indian Territory state an offense under the five-year law, in the absence of an averment therein that the defendant introduced the liquors from without the state of Oklahoma? In that case the indictment charged a conspiracy to commit the offense of—

"introducing intoxicating liquors into the Indian country which was formerly the Indian Territory and now is included in a portion of the state of Oklahoma, and into the city of Tulsa, Tulsa county, Oklahoma, which was formerly within and is now a part of what is known as the Indian country, and into other parts and portions of that part of Oklahoma which was within the Indian country."

On this indictment the defendants were tried, convicted, and sentenced. Subsequently a motion in arrest of judgment was denied, and a writ of error was sued out of this court, "where," says the Supreme Court, "the only question raised was whether the indictment charged an offense against the laws of the United States; neither the evidence nor the charge of the trial court being brought up." 236 U. S. 535, 35 Sup. Ct. 291, 59 L. Ed. 705. This court affirmed the judgment below, and the Supreme Court took the case by writ of certiorari and considered nothing but the sufficiency of the indictment. It held that the indictment failed to charge any offense under the five-year statute, because it contained no averment that the liquors were introduced from without the state of Oklahoma, but that it charged the offense of introducing liquors into Indian country in violation of the two-year statute. On the question which, in the case at bar, determines the jurisdiction of the court below to impose the excess of the sentence challenged beyond the two years permissible under the two-year statute, that court said:

"That clause of the indictment which sets forth the conspiracy does not in terms allege, as a part of it, that the liquor was to be brought from without the state of Oklahoma; nor does this clause refer, for light upon its meaning, to the clauses that set forth the overt acts. Hence we do not think the latter clauses can be resorted to in aid of the averments of the former."

After stating in a few words the reason why the latter clauses regarding the overt acts were immaterial to the decision of the question, the court continued:

"We therefore think the Court of Appeals properly treated this indictment as not charging that the liquors were to be introduced from another state,

and correctly assumed, in favor of the accused (supposing the law makes a distinction), that the design attributed to them looked only to intrastate commerce in intoxicants. The suggestion of the government that the omission of a distinct averment that the conspiracy was to introduce liquors from without the state did not prejudice petitioners, and should be regarded after verdict as a defect in form, to be ignored under section 1025, Revised Statutes, cannot be accepted, since we have before us only the strict record, and therefore cannot say that the trial proceeded upon a different theory from that indicated by the indictment, or that its averments were supplemented by the proofs."

For the same reasons stated here by the Supreme Court, I cannot fail to think that the indictment under consideration in this case ought to be treated as not charging that the liquors there mentioned were introduced from without the state of Oklahoma, and that the suggestion that the omission of the averment, indispensable to the charge of the offense at all, that Collins introduced the liquors from without the state, was a mere immaterial negligible defect, ought not to be indulged to create a charge which I am unable to find in the indictment, and to prolong the punishment of the petitioner, when the general rules are that the accused, until proved guilty, is presumed to be innocent of offenses not charged as well as those charged against him, and that he ought not to be punished, even when a reasonable doubt of his guilt exists.

For these reasons it seems to me that the trial court was without jurisdiction to impose the three years of imprisonment, and, as the petitioner has already served his two years, I am in favor of reversing the order and decree below, and of discharging him from the custody of the warden of the penitentiary.