## KAPHAN v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. April 5, 1920.)

### No. 3418.

1. **Conspiracy ⬤⟜43(11)—Count for conspiring to bring Chinese persons into the United States held sufficient.**

   A count charging that defendant and others conspired, in violation of Penal Code, § 37 (Comp. St. § 10201), and Chinese Immigration Act, § 11, as amended by Act July 5, 1884 (Comp. St. § 4298), to bring Chinese persons, not lawfully entitled to enter, into the United States, and that in furtherance of the conspiracy one of the defendants delivered to another certain letters containing questions and answers to be used by the applicants, was not defective for failure to allege in detail what defendant did with records which were delivered and contained questions to be used by the applicants.

2. **Conspiracy ⬤⟜43(11)—Count for conspiring to conceal and remove public records, etc., not insufficient.**

   A count in an indictment charging that defendant and others conspired, in violation of Penal Code, § 128 (Comp. St. § 10298), to conceal, remove, and mutilate public records of an immigration office, and that certain overt acts were committed, including the abstraction of certain official files pertaining to certain Chinese persons, was not defective for failure to allege what defendant did with the files and records, and whether the Chinese persons named therein were entitled to enter.

3. **Criminal law ⬤⟜1156(3)—Denial of new trial not reviewable.**

   As the allowance or refusal of a new trial rests in the sound discretion of the trial court, the denial of a motion for a new trial for newly discovered evidence is not ground for reversal.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Theodore Kaphan was convicted of offenses, and he brings error. Affirmed.

Henry M. Owens and Harry K. Wolff, both of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Kaphan was convicted under two indictments. In one (6272) it was charged that Kaphan and others conspired to bring into the United States, and to cause to be brought into and to aid and abet the bringing into and landing in the United States, through the port of San Francisco, Chinese persons who were not lawfully entitled to enter or remain in the United States; in the other (6273) he, with others, was charged with having conspired to willfully and unlawfully conceal, remove, mutilate, obliterate, and destroy records, papers, and other documents filed and deposited in a public office, to wit, the immigration office at Angel Island, Cal. The cases were consolidated for trial. Certain of the defendants changed their pleas of not guilty to guilty, but Kaphan was tried and found guilty. Mo-

tion in arrest of judgment was overruled, and Kaphan was sentenced to imprisonment.

Reversal is urged upon the following grounds: That the court erred in overruling the demurrer, in denying motion for a new trial, and in overruling motion in arrest of judgment.

[1] It is said that the indictment (6272) is defective, in that there is no allegation as to what Kaphan did with the records which he would use in bringing and causing to be brought into the United States Chinese persons not entitled to enter or remain in the United States. The point is not well taken. The indictment, after alleging that Kaphan with others conspired to do the things charged as heretofore stated, averred that in furtherance of the conspiracy and to effect the object thereof one of the defendants, Yow, delivered to another defendant, Akers, certain letters addressed to Chinese applicants for admission to the United States awaiting examination to enter the United States at the immigration station at Angel Island, Cal., and that the letters contained questions and answers to be used by the applicants as a means of gaining admission to the United States. The indictment was drawn under section 37 of the Penal Code (Comp. St. § 10201), and section 11 of the Chinese Immigration Act (section 11, Act May 6, 1882, as amended by Act July 5, 1884 [Comp. St. § 4298]). Section 11 provides that any person who shall knowingly bring into or cause to be brought into the United States, or aid or abet the landing in the United States, from any vessel, of any Chinese person not lawfully entitled to enter the United States, shall be deemed guilty of a misdemeanor. Inasmuch as the charge was for conspiring to violate the section just referred to, it was unnecessary to allege in detail what Kaphan did with the records which were delivered, and which contained questions to be used by the applicants as a means of gaining admission to the United States.

[2] It is said the other indictment (6273) is defective, because it fails to set forth what Kaphan did with the files and records, and because it does not appear that the Chinese named in the records were or were not entitled to enter, or how or in what manner the alleged conspiracy was to be carried out. But this indictment, like the one heretofore considered, was for an unlawful conspiracy to commit an offense, in violation of section 128 of the Penal Code (Comp. St. § 10298). The indictment follows the statute and pleads as overt acts the delivery of certain letters addressed to Chinese applicants for admission to the United States awaiting examination at the immigration station, and that certain of the defendants did deliver such letters to certain Chinese applicants, and that to effect the object of the conspiracy one of the defendants paid to another defendant $45, and that one of the defendants at the immigration station did abstract from the files of the record room certain official files of the government of the United States, pertaining to certain Chinese persons and delivered the files to one of the defendants. In the charge of conspiracy to violate the section cited, it was unnecessary to set forth what was done with the files or whether the Chinese were actually entitled lawfully to enter the United States. The material matter was whether there

was an unlawful conspiracy to conceal, remove, or destroy records and documents filed in the immigration office at Angel Island, Cal., and whether defendant was a guilty member of such conspiracy.

[3] It is argued that the court erred in denying a motion for a new trial. The basis for such motion was an affidavit of newly discovered evidence to the effect that one Ferguson, who testified at the trial, swore falsely in answer to certain questions relating to possible immunity offered to him by an official of the United States. As the allowance or refusal of a new trial rests in the sound discretion of the trial court, the action had is not ground for reversal of the judgment. Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917; Collins v. United States, 219 Fed. 670, 135 C. C. A. 342; Higgins v. United States, 185 Fed. 710, 108 C. C. A. 48; Bouldin v. United States, 261 Fed. 674, —— C. C. A. ——; Elder v. United States, 243 Fed. 84, 155 C. C. A. 614.

The judgment is affirmed.