## MITCHELL v. WALLACE.

No. 18400.   Opinion Filed June 19, 1928.

(Syllabus.)

1. **Appeal and Error—Affirmance—Brief Defective as to Specification of Errors.**

Disregard of rule 26 of this court, requiring the brief of the plaintiff in error to separately set forth and number the specifications of error relied upon, warrants an affirmance of the judgment.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Court's Findings in Law Case.**

Where a case at law is tried to the court, without the intervention of a jury, upon controverted questions of fact, and there is any competent evidence reasonably tending to support the judgment of the trial court, its judgment will not be disturbed by this court on appeal.

3. **Mortgages—Action for Penalty for Failure to Release Mortgage—Judgment for Defendant Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Helen E. Mitchell against E. F. Wallace. Judgment for defendant, and plaintiff brings error. Affirmed.

W. O. Mitchell, for plaintiff in error.

S. K. Bernstein, for defendant in error.

HEFNER, J. Helen E. Mitchell, plaintiff in error, as plaintiff below, brought suit against E. F. Wallace, as defendant, to recover damages in the sum of $500 for failure to release a mortgage under section 7642, C. O. S. 1921. The case was tried to the court, and after evidence had been introduced by both parties, the trial court

found generally in favor of the defendant and rendered judgment in his favor for costs. From this judgment, the plaintiff has appealed.

The plaintiff has not complied with rule 26 of this court in that the brief does not contain the specifications of errors complained of, separately set forth and numbered. This alone would warrant an affirmance of the judgment. See Lohman v. Stockyards Loan Co., 243 Fed. 517.

Notwithstanding the fact that appellant's brief does not contain the specifications of errors complained of, we have carefully examined the record and the specifications of errors therein contained, read the briefs and the authorities therein cited, and have also read the brief and authorities cited by the defendant in error and the reply brief thereto by the plaintiff in error.

The cause was submitted to the trial court without the intervention of a jury upon controverted questions of fact, and the issues were found in favor of the defendant. It is not affirmatively shown that the court committed any errors of law.

Where a case at law is tried to the court, without the intervention of a jury, upon controverted questions of fact, it is well settled that where there is any competent evidence reasonably tending to support the judgment of the trial court, its judgment will not be disturbed by this court on appeal.

The record discloses that there was competent evidence introduced which reasonably supports the judgment of the trial court, and its judgment is accordingly affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 1414, §1588. (2) 4 C. J. p. 879, §2853. (3) 41 C. J. p. 820, §986.