THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN FARINA, Appellant.—

In our
opinion the presumption of illegal diversion of trust funds, which is described
in section 36-d, subdivision 6, arises when no statement is served; and the
presumption is not operative in a case in which the statement is actually served.
We do not pass upon the question of whether or not the People's case, which
concededly was insufficient, was made sufficient with evidence given by the
defendant while testifying in his own behalf. Hagarty, Johnston and Adel, JJ.,
concur; Lazansky, P. J., and Taylor, J., dissent and vote to affirm the judgment
of conviction, with the following memorandum: To hold that the statement
referred to in section 36-d, subdivisions 5 and 6, of the Lien Law may be served
at any time before a trial is to rob the provision of its beneficent purposes.
Though a defendant's guilt may not have been proved by the People's case, it
may be found on proof submitted by defendant. (*Sandals* v. *United States*, 213
Fed. 569; *Collins* v. *United States*, 219 Fed. 670; *Edwards* v. *United States*,
7 F. [2d] 357.) Here the triers of the fact evidently did not credit defendant's
testimony that he had paid out more than he received. Therefore, the presump-
tion that he has made application of the trust funds for purposes other than
those specified in the Lien Law survives.