GARRETT v. POPE MOTOR CAR CO.

(Circuit Court of Appeals, Sixth Circuit.   April 14, 1909.)

No. 1,893.

**1.** APPEAL AND ERROR (§ 728*)—ASSIGNMENTS OF ERROR—SUFFICIENCY—RULINGS ON EVIDENCE.

An assignment that the court erred in ruling out evidence offered on behalf of plaintiff over plaintiff's exceptions is fatally defective for failure to quote the full substance of the evidence ruled out, as required by Circuit Court of Appeals rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii) and will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3012; Dec. Dig. § 728.*]

**2.** APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—RULINGS ON INSTRUCTIONS.

Assignments that the court erred in its charge to the jury and in refusing to charge as requested are fatally defective for failure to state in what particular the court erred in its charge and what particular request the court erred in refusing, under Circuit Court of Appeals rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), providing that, if error is alleged to the court's charge, the assignments shall set out the part referred to totidem verbis, whether it be in instructions given or refused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3015; Dec. Dig. § 730.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Before LURTON and SEVERENS, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge.   In the view we take of this case it is only necessary to say that it was heard before the court and jury, resulting in a verdict for the defendant.   A motion for a new trial was entered and disallowed.   Errors were assigned, and appeal taken. The errors assigned by appellant are as follows:

"(1) The court erred in ruling out evidence offered on behalf of plaintiff over the exceptions of plaintiff.   (2) The court erred in the charge to the jury.   (3) The court erred in refusing to charge the jury as requested.   (4) The court erred in overruling plaintiff's motion for a new trial.   (5) The judgment is contrary to the weight of the evidence.   (6) The judgment is contrary to law.   (7) The verdict should have been for the plaintiff, instead of for the defendant."

A casual examination of the assignment of errors discloses the fact that it wholly fails to meet the requirements of the rules of this court. Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii) provides as follows:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged.   No writ of error or appeal shall be allowed until such assignment of errors shall have been filed.   When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected.   When the error al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed at the request of the court, and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

In substance, this rule requires that the appellant shall file an assignment of errors, stating separately and particularly each error asserted and intended to be urged. If the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. If the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or instructions refused. Errors not assigned according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned.

The first error assigned does not quote the full substance of the evidence ruled out, nor, indeed, does it quote any part thereof, but in the most general fashion states that the court erred in ruling out evidence offered on behalf of the plaintiff. The second and third assigned errors as to the charges are as general as the first. In what particular did the court below err in the charge to the jury? What particular request did the court below refuse to give in charge to the jury? In short, under the rule of the court above quoted, there is no error assigned of which this court can take notice, unless it could do so under the last clause. Coney Island Company v. Dennan, 149 Fed. 687, 79 C. C. A. 375.

Since there is no error in the record so plain as to warrant the court on its own motion to take notice of it, the judgment below must be affirmed.