## PENNSYLVANIA CO. v. SHEELEY.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1915.)

### No. 2578.

**1. MASTER AND SERVANT** &lcub;⊛&rcub;244 — LIABILITY FOR INJURIES — CONTRIBUTORY NEGLIGENCE.

A locomotive fireman, charged by the rules and recognized practice with the duty of co-operating with his engineer in observing and obeying signals, who saw a green signal requiring the train to slow down, and "called" it to the engineer, but did nothing further when the engineer disregarded it, was negligent, and his inaction was not excusable because of his supposition that the signal had been changed to a white signal before they passed it; this supposition being based on nothing except the fact that the engineer failed to slow down.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 776, 777; Dec. Dig. &lcub;⊛&rcub;244.]

**2. NEGLIGENCE** &lcub;⊛&rcub;101 — LIABILITY FOR INJURIES — COMPARATIVE NEGLIGENCE.

The failure of a locomotive fireman to take any action, as was his duty, when the engineer negligently disregarded a signal requiring the train to slow down, was not the sole proximate cause of a collision resulting from the disregard of the signal, but was only contributory negligence, diminishing the damages for an injury sustained by him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. &lcub;⊛&rcub;101.]

**3. MASTER AND SERVANT** &lcub;⊛&rcub;296 — ACTIONS FOR INJURIES — INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE.

In an action for injuries to a railway fireman, sustained in a collision resulting from the engineer's disregard of a signal, defendant was entitled to have the jury instructed in a reasonably definite and concrete form, rather than by vague generalities, as to plaintiff's duty with respect to obeying such signal, whether shown by undisputed testimony, or whether contingent upon disputed proofs or inferences.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180-1194; Dec. Dig. &lcub;⊛&rcub;296.]

---

&lcub;⊛&rcub;**For other** cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. APPEAL AND ERROR ☞273—RESERVATION OF GROUNDS OF REVIEW—SUF-
FICIENCY OF EXCEPTIONS.

In an employé's action for injuries, where defendant in its 20 requested
instructions included, in addition to instructions on the subject of con-
tributory negligence, instructions as to its own negligence and on the sub-
ject of comparative negligence, which were given, and instructions which
were properly refused, and at the conclusion of the charge merely re-
served an omnibus exception to the refusal of the 20 requests, the re-
fusal of the instructions as to contributory negligence was not reviewa-
ble, since, even disregarding the rule that an omnibus exception is bad,
if there is anything good in the subject-matter which it covers, where a
series of requests on one subject has been given in its general aspect, and
the requests which have been omitted, and so impliedly refused, pertain
only to the refinements of the concrete question, fairness to the trial court
requires that counsel shall call to the court's attention in an intelligible
way anything material which has been omitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590,
1606, 1620–1623, 1625–1630, 1764; Dec. Dig. ☞273.]

5. APPEAL AND ERROR ☞273—RESERVATION OF GROUNDS OF REVIEW—SUF-
FICIENCY OF EXCEPTIONS.

In a railway fireman's action for injuries, exceptions to the charge "in
reference to the duty of the engineer and all the court said upon that
subject," and to the "definition of contributory negligence given in the
charge," raised no question for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590,
1606, 1620–1623, 1625–1630, 1764; Dec. Dig. ☞273.]

6. APPEAL AND ERROR ☞231—RESERVATION OF GROUNDS OF REVIEW—SUF-
FICIENCY OF OBJECTIONS.

No claim of error could be predicated upon the overruling of an objec-
tion to evidence; no ground of objection being stated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290,
1352; Dec. Dig. ☞231.]

7. APPEAL AND ERROR ☞273, 719 — ASSIGNMENTS OF ERROR — NECESSITY —
"PLAIN ERROR."

Where, in an employé's action for injuries, the court's charge on the
subject of proportioning damages did not state the true rule, so that it
could be understood by the jury, and it seemed probable that the jury
made no allowance for contributory negligence, there was a "plain er-
ror," which it was the duty of the court to notice without a sufficient ex-
ception or assignment of error under rule 11 for the Sixth circuit, pro-
viding that errors not assigned according to that rule will be disregarded,
but that the court at its option may notice a plain error not assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590,
1606, 1620–1623, 1625–1630, 1764, 2968–2982, 3490; Dec. Dig. ☞273, 719.]

8. NEGLIGENCE ☞141—ACTIONS FOR INJURIES—INSTRUCTIONS—DIMINISHING
DAMAGES.

In an employé's action for injuries under the federal Employers' Lia-
bility Act, from an instruction that, if plaintiff was guilty of negligence
contributing to his injury which was less than the negligence of defend-
ant, the jury would take the amount of damages which they found against
defendant, and compare it with the amount of negligence attributable to
plaintiff, and set off against the amount so found the lesser amount of
plaintiff's negligence, and discount the damages attributable to defend-
ant in the ratio that this lesser negligence on behalf of plaintiff bore to
the greater negligence on behalf of defendant, the jury could not well
have understood the true rule that plaintiff cannot recover full damages,
but only a proportional amount bearing the same relation to the full

amount as the negligence attributable to defendant bears to the entire negligence attributable to both.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. ☞141.]

9. APPEAL AND ERROR ☞1140—AFFIRMANCE ON CONDITION.

In making to plaintiff an offer of conditions upon which part of a judgment may stand, notwithstanding an errror in the charge as to the measure of damages, an appellate court cannot take the place of the jury, but must require such a remittitur, that no substantial injustice can be done defendant: plaintiff having the right to protect himself by declining to accept the offer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4176; Dec. Dig. ☞1140.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Action by Bert C. Sheeley against the Pennsylvania Company. Judgment for plaintiff, and defendant brings error. Affirmed, on condition that plaintiff file a remittitur.

The instruction on the subject of proportioning damages was as follows:

"However, if you should find the defendant company negligent, and you find Sheeley also guilty of negligence contributing to his injury, and his negligence is less than that of the negligence of the defendant company, then, instead of his contributory negligence being a bar to his recovery, you would take the amount of damages which you found against the defendant company, if you so find, and compare it with the amount of negligence attributable to Sheeley, and set off against the amount you so find, if you so find against the defendant company, this lesser amount of Sheeley's, if you so find it, and discount the damages attributable to the defendant if you find it negligent, in the ratio that this lesser negligence on behalf of Sheeley bore to the greater negligence on behalf of the defendant company, if you so find it negligent."

W. C. Boyle, of Cleveland, Ohio, for plaintiff in error.

R. B. Newcomb, of Cleveland, Ohio, and G. M. Skiles, of Shelby, Ohio, for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and HOLLISTER, District Judge.

DENISON, Circuit Judge. Sheeley was a locomotive fireman. His engineer disregarded cautionary and stop signals, and ran into a train standing on the track. The engineer was killed and Sheeley injured. He brought this suit under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]), counting on the engineer's negligence, and recovered verdict and judgment of $6,500. There was clearly evidence tending to show negligence by the engineer, and the verdict establishes that fact. The substantial question is regarding the effect of Sheeley's conduct.

[1] The printed rules and what is said to be the recognized practice put upon Sheeley the affirmative duty of co-operating with his engineer in observing the signals and then in obeying them. It is at least a permissible inference from the testimony that when the engineer ran

past the (green) signal which directed him to slow down and get his train under control, and it became evident that he was paying no attention whatever to the caution, it was Sheeley's duty to find out why this happened, and to take some action tending to insure that the signal be obeyed. The proofs also tended to show that Sheeley did nothing in this direction until it was too late. His excuse for his inaction is that, although he had seen the green signal shortly before reaching it, and had "called" it to the engineer, he supposed it had been changed to white before they passed it, and that the engineer had seen this change; but he had no reason for this supposition, except the fact that the engineer continued to run at full speed as if the signal had been white. It is not claimed that the signal was in fact changed; and this supposition is obviously no excuse. If a trainman, who is by rule required to insist that the engineer obey a stop signal, may disregard the rule merely because the engineer disregards the signal, the rule might as well be repealed, and the safety of the public left to the employés' uncontrolled discretion.

[2-4] It was not, upon the trial, contended (as it was in Penna. Co. v. Cole [C. C. A. 6] 214 Fed. 948, 951, 131 C. C. A. 244) that Sheeley's negligence was of that independent and primary character which would make it the sole proximate cause of the collision and bar any recovery; at most, the defendant's proofs tended to make a case of contributory negligence and thus to diminish the damages. The defendant was entitled to have the jury instructed that, if Sheeley's conduct was of the character which, as we have recited, was indicated by evidence, such conduct would amount to contributory negligence, and was entitled to have plaintiff's duty, whether shown absolutely by undisputed testimony, or whether contingent upon disputed proofs or inferences, put before the jury in reasonably definite and concrete form, rather than by vague generalities. To this end, defendant included, in its list of 20 requests to charge, 13, each of which said:

"If you find from the evidence [that a specified state of facts existed], plaintiff would be guilty of contributory negligence."

Some of these were given, and some denied. We cannot properly consider whether those which were denied should have been given. The record does not reserve such questions. In addition to the 13 requests on the subject of contributory negligence, there were 2 which related to defendant's negligence, 2 on the subject of comparative negligence, all 4 of which were given, and 3 on the subject of negligence (not necessarily more than contributory) as a bar, which 3 were not given, and should not have been. At the conclusion of the charge, defendant excepted "to the refusal of the court to charge the requests of defendant, 1 to 20, both inclusive." Under a literal application of the familiar rule that such an omnibus exception is bad, if there is anything good in the subject-matter which it covers, this exception will not support an assignment of error. Garrett v. Pope Co. (C. C. A. 6) 168 Fed. 905, 94 C. C. A. 334. However, the distinction between such an exception and one which should repeat the formula 20 times, once for each request, is so purely formal that we should hesitate to disre-

gard, for that reason alone, a substantial error; and we must look further into a situation like this to determine the real sufficiency of the exception. We have repeatedly held that the practice in the state courts on this subject need not be followed in the federal courts; and the whole purpose of the federal rule requiring an exception to the charge to be taken before the jury retires is to challenge the attention of the court to any supposed mistake of omission or commission, so that, if the court thinks proper, it may be corrected before the charge is finished. In Coney Island v. Dennan, 149 Fed. 687, 692, 79 C. C. A. 375, 380, Judge Severens said:

"It is a well-settled rule that an exception, in order to found a right to review, must be sufficiently distinct to direct the attention of the court to the particular error which is the subject of complaint. A challenge which is aimless, and points to nothing in particular, either in what is expressed or omitted, does not perform the object of an exception. And it is equally well established that when, without special request, the court gives an instruction which is in the main correct, but requires some modification or addition to make it quite so, it is the duty of counsel for the party whose interest requires modification to ask for it, or challenge the instruction because of the defect, and if they fail to do this they are deemed to be content with it."

This reason for the rule should determine the limits of its operation. If a clear and simple request to charge has been formally submitted, and has been, either directly or by omission, refused, fairness to the court does not require, and orderly procedure does not permit, that it should again be brought forward and presented; but if a series of requests on one subject has been given in its general aspect, and those requests which have been omitted, and so impliedly refused, pertain only to what may fairly be called the refinements of the concrete question, the judge may well believe that he has given everything worth while; and if counsel think otherwise, this underlying principle—fairness to the trial court—requires that counsel should say so in an intelligible way. The situation in this case was of the character just described; and the general exception to the refusal to give the 20 requests was as ineffective on principle as it was insufficient in form.

[5] Defendant's other exceptions to the charge are of the same omnibus character:

"The defendant excepts to the charge of the court in reference to the duty of the engineer, and all the court said upon that subject."

"The defendant excepts to the definition of contributory negligence given in the charge," etc.

They raise no question for review. See Collins v. United States (C. C. A. 8) 219 Fed. 670, 672–675, 135 C. C. A. 342.

[6] No assignments of error present any question sufficiently saved by exception, save those which refer to the admission of testimony. As to these, it is enough to say that, in the one instance where the reason for an objection was stated, the error, if any, was not seriously prejudicial, and that in all other instances the record shows only "Objected to." No claim of error can be predicated upon overruling such an objection. Prettyman v. United States (C. C. A. 6) 180 Fed. 30, and cases cited on page 37, 103 C. C. A. 384; Robinson v. Van Hooser

(C. C. A. 6) 196 Fed. 620, and cases cited on pages 624, 625, 116 C. C. A. 294.

[7, 8] However, there is one matter which must be considered "plain error," so that it is our duty, under rule 11, to notice it without sufficient exception or assignment. The case was tried some months before the Supreme Court in Norfolk Co. v. Earnest, 229 U. S. 114, 122, 33 Sup. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172, had formulated the rule of damages in cases of contributory negligence, and while the rule, as given by the court below to the jury, was in some respects more favorable to the defendant than it should have been, yet, upon the subject of proportioning damages, it can at least be said that the jury could not well have understood the rule to be as the Supreme Court has said it is; [1] and it seems probable that the jury did not make allowance for contributory negligence as the statute requires. There must, therefore, be another trial, unless this error can be cured by a remittitur.

[9] In making to plaintiff an offer of conditions upon which part of a judgment may stand, we cannot take the place of the jury. We must only be sure that no substantial injustice comes to the party against whom the judgment is maintained. If the conditions so fixed seem unjust to the plaintiff, he can protect himself by declining to accept the offer. The utmost which defendant in this case can claim is that the jury made no allowance on account of Sheeley's conduct, and so that the $6,500 represents the total damages. The negligence of the engineer being established according to the theory of the petition, we think there would be no fair room to say that Sheeley's negligence should be considered as more than one-half as much as the engineer's, or more than one-third of the whole. It follows that if plaintiff desires to accept a judgment for two-thirds of the amount found below, and within 30 days files evidence of that acceptance in accordance with our practice, the judgment will be affirmed; otherwise, it will be reversed and remanded for new trial. In either case, the order will be without costs.

---

[1] "He shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both."