## EATON v. CLABAUGH.

(Circuit Court of Appeals, Sixth Circuit. June 29, 1918.)

### No. 3113.

1. BROKERS ☞67(2)—COMMISSIONS—ACTING FOR BOTH PARTIES—KNOWLEDGE.

Where, in negotiations for sale of a corporation's property, which its officers were authorized to make, they and the customer knew that the intermediary was acting for both parties, his right to recover commissions of the buyer is not affected by the contract taking the form of a sale of all the capital stock, and one of the stockholders not knowing of the dual agency.

2. APPEAL AND ERROR ☞274(5)—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF EXCEPTION.

Exception to the charge submitting the theory that if plaintiff was a mere middleman, without any agency duties, he might recover commissions of the buyer, even if the sellers did not know of his compensation agreement with the buyer, being apparently intended only to challenge the rule of law announced, does not authorize review of the charge as unauthorized by the evidence.

3. BROKERS ☞67(2)—COMMISSIONS FROM BOTH PARTIES.

One may be such a mere middleman or broker as to be entitled to commissions from both sides under agreements therefor not known by both parties, though his duties do not pertain merely to bringing forward one particular and specific buyer or seller.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Albert Clabaugh against Cyrus S. Eaton. Judgment for plaintiff, and defendant brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Tolles, Hogsett, Ginn & Morley and Thomas H. Jones, all of Cleveland, Ohio, for plaintiff in error.

Matthew Gering, of Plattsmouth, Neb., and J. H. Smart, of Cleveland, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

DENISON, Circuit Judge. Clabaugh was manager of two lighting companies. The officers asked him to find a purchaser. He interested Eaton, who entered into written options for the two companies, and agreed in writing to pay Clabaugh $5,150 if the sales were closed. For the nonpayment of this amount, Clabaugh brought this action in the court below, and recovered the judgment now here for review.

1. What Eaton's counsel now urge as the chief meritorious defense is that the contract sued upon was superseded by a later agreement. Upon this matter, the parties flatly contradicted each other, and the jury must have adopted plaintiff's version; but nothing was saved for review. The portion of the charge assigned as error, and which instructed that changes in the contract would not disentitle plaintiff to his commission, plainly had reference only to the option contracts between the vendors and Eaton, and not at all to the contract sued upon. The court was not asked to give any special instructions with regard to this defense.

[1] 2. Assuming, without deciding, that plaintiff was acting in the subject-matter as agent of the vendors, we come to the question whether the dual agency bars recovery. Eaton knew of it and expressly consented. Plaintiff says that the vendors knew of and approved his commission contract with Eaton; this was denied; the jury, if it passed upon this issue, must have found with plaintiff. One Sunderland was the holder of one-eighth of the stock of one of the companies. Error is assigned because he was not allowed to testify that he did not know that plaintiff was getting pay from the purchaser. The deal for this company was under an option given in the name of the corporation, signed by its president and treasurer and covering all its property. No claim is made that this was not with Sunderland's approval, or that these officers were not intrusted by him with authority to make the bargain and the sale. At the end, Eaton decided that he would buy all of the capital stock, and leave the corporate title to the property untouched; and this was done. This change in plan made not a dollar's difference to any stockholder, and every one regarded it as merely another way of doing the same thing. If the final transfer had been of the corporate property, and if the corporation and its officers, representing Sunderland, had knowledge of the Clabaugh-Eaton contract (as, for the present purpose must be assumed), Sunderland's personal knowledge would have been immaterial; and, under these circumstances, the adoption of the finally selected form of transfer was not such a substantial change as to make his personal knowledge controlling. Hence there was no error in rejecting this testimony.

[2, 3] 3. The court submitted to the jury the theory that if plaintiff was a mere middleman, without any agency duties, he might recover, even if the vendors did not know of his compensation contract with the vendee; and, possibly, the verdict rests upon this theory. The charge on this subject is assigned as error for two theories now argued. The first is that there was no evidence to support it; the undisputed fact being claimed to be that Clabaugh was charged with the duty to negotiate. This theory was not presented in the court below by requests to charge; the sole exception was to the whole charge on the subject, and was apparently intended only to challenge the rule of law announced. This is not sufficient. Denison v. McNorton (C. C. A. 6) 228 Fed. 401, 408, 142 C. C. A. 631. So far as we can judge from the record, the claim that there was no evidence to support the submission of the mere middleman theory is an afterthought.

The other theory argued is that, as matter of law, no one can be such a mere middleman or broker as to be entitled to commissions from both sides, unless his duty pertains only to bringing forward one particular and specific buyer or seller. Mechem on Agency, § 2413. Only this extreme position will support the general and broad exception taken, and this extreme position we cannot approve. Rupp v. Sampson, 16 Gray (Mass.) 398, 77 Am. Dec. 416.

Other matters argued are not based on exceptions and assignment. The judgment is affirmed.