## GLYNN v. MAY.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1921.)

No. 2791.

1. **Appeal and error ☞1002—Verdict supported by contradicted evidence cannot be disturbed.**

In action for broker's commission, where there was ample evidence to sustain a finding of employment of plaintiff until the consummation of the sale, and that the broker was the procuring cause of the sale, though there was a sharp conflict in the testimony on these two points, a verdict and judgment for plaintiff cannot be disturbed.

2. **Appeal and error ☞216(6)—Exception to refusal to charge as requested held necessary to review.**

Where at the close of the evidence defendant made certain requests for instructions, and at the conclusion of the charge defendant made but one suggestion, which was adopted by the court, and no exception was taken to the charge as given, assignments of error to the court's failure to give instructions first requested cannot be considered.

3. **Brokers ☞86(1)—Evidence held to show continuance of employment until sale.**

In an action for a broker's commission, where the sale was not consummated until more than four years after the original oral employment, evidence that the employment had continued until negotiations with the purchaser were begun, and that the owner had recognized the agency while final negotiations were in progress, *held* to sustain the verdict finding the original employment continued until sale.

4. **Constitutional law ☞146—Statute requiring written contract for broker's commission cannot impair existing contracts.**

Wisconsin Brokerage Law of May 15, 1917, requiring contract to pay a commission to a real estate broker to be in writing, cannot be so construed as to impair the obligations of an oral contract in force between the parties at the time of its enactment, and which continued until the sale was completed.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by Alexander J. May against Patrick Glynn. Judgment for plaintiff, and defendant brings error. Affirmed.

Joseph Martin and G. F. Clifford, both of Green Bay, Wis., for plaintiff in error.

Francis S. Bradford, of Appleton, Wis., and Henry F. Cochems, of Milwaukee, Wis., for defendant in error.

Before BAKER and ALSCHULER, Circuit Judges, and FITZHENRY, District Judge.

FITZHENRY, District Judge. This is an action to recover a broker's commission for the sale of 13,099 acres of Alabama timber land. Plaintiff in error, Patrick Glynn, denied the employment of defendant in error, Alexander J. May, and contended that he was not the procuring cause of the sale. Upon the issues as joined a jury heard the evidence, found a verdict in favor of defendant in error, upon which the trial court entered judgment, to set aside which this writ of error was sued out.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Plaintiff in error assigns improper rulings of the trial court upon the admission and exclusion of testimony, the failure to give certain instructions as to the law to the jury, which were tendered at the conclusion of the testimony and before the arguments of counsel, and that the verdict is contrary to the law and evidence.

[1] Upon a careful examination of the record, it is apparent there was ample evidence to sustain a finding by the jury that Glynn not only employed May in the summer of 1914 to find a buyer for the Alabama timber land, and that it was a continuous, subsisting employment until the consummation of the sale, but also that May was the procuring cause of the sale of the land to W. H. Hatton, for the Ingram-Day Lumber Company of Lima, Miss. There was a sharp conflict in the testimony on these two questions. The jury adopted the view of the evidence favorable to the contention of the plaintiff, the defendant in error here, and, if the case was properly submitted to the jury, the verdict and judgment thereon must be permitted to stand.

The assignments of error based upon rulings of the court upon the admission and exclusion of testimony cannot be sustained. In the rulings complained of the trial court committed no reversible error.

[2] The other assignments urged here are based upon the failure of the court to give instructions requested by the defendant's counsel at the conclusion of the evidence. So far as any of them contained law applicable to this case, they were fully covered by the general charge given by the court. At the conclusion of the instruction of the jury but one suggestion was made by counsel for plaintiff in error, and it was adopted by the court and given to the jury, and no exception was taken to the charge as given. Alleged errors of this character cannot be raised, upon review, for the first time.

The fourteenth assignment of error complained of the refusal of the court to give an instruction that—

"If you find that the contract was so terminated by the failure of the plaintiff to procure a purchaser, ready, willing, and able to purchase within a reasonable time, if any new contract or extension of time was given after May 15, 1917, then such extension of time or new contract would be void as being in violation of the Brokerage Contract Law, which requires such contracts to be in writing."

The Brokerage Law referred to is the Act of May 15, 1917 (Acts 1917, c. 221), being section 2305m of the Revised Statutes of Wisconsin. This statute in effect provides that every contract to pay a commission to a real estate agent or broker or to any person for selling or buying real estate shall be void, unless such contract or some note or memorandum thereof, describing the real estate, expressing the price for which the same may be sold or purchased, the commission to be paid, and the period during which the agent or broker shall procure a buyer or seller, be in writing and be subscribed by the person agreeing to pay such commission.

At the conclusion of the instruction of the jury by the court, counsel for the plaintiff in error suggested that the court should instruct the jury that the burden of the proof is on the plaintiff to show that this contract was in existence, and, further, if it existed, that the burden

of proof is on the plaintiff to show that it continued from 1914 to 1918. It was the theory of the defendant in error throughout the trial that the contract was originally made in 1914, before the enactment of the Wisconsin Brokerage Law, and that it continued up to the time of the sale of the lands. The conversations upon which May relied for the establishment of his contract in 1914 and referring to it in subsequent years were all denied by Glynn. It is also shown by the evidence that after the purchaser had become interested in the deal and while the timber was being rechecked by May, who was living, during the work, with a Mr. Loeper in Washington county, Ala., Glynn appeared at the Loeper home and asked May, "How are you (meaning May and Mitchell, the purchaser's agent) getting along?" To which May replied in substance, Pretty well, and things look pretty good; that Mitchell had him rechecking, and that he came to Loeper's to get his (May's) estimate and seemed to be well satisfied, and that he (May) supposed the deal would go through. Whereupon Glynn stated:

"You will be well paid if it goes through. Keep after it; you will get a handsome commission if it goes through."

[3, 4] After the suggestion of counsel for plaintiff in error the court again instructed the jury that the burden was upon the plaintiff to show that this contract was a subsisting relation between the plaintiff and defendant at or about March, 1918. So there was not only evidence tending to support the plaintiff's contention that there was a subsisting, continuing contract made in 1914 in force in March, 1918, at the time of the making of the sale, but also that there was an express reiteration of it made in Alabama at the time the final negotiations were in progress. If there was a subsisting, continuing contract in force between the parties at the time of the enactment of the Wisconsin Brokerage Law, and the jury so found, of course the statute could not be so construed as to impair the obligations of such contract.

The verdict of the jury is fully sustained by the law and the evidence, and the judgment entered thereon is accordingly,

Affirmed.