## PARKER et al. v. ELGIN et al.

(Circuit Court of Appeals, Sixth Circuit. May 15, 1925.)

No. 4155.

**1. Appeal and error ⚖=>1032(1) — Duty of plaintiff in error to show affirmatively that error intervened to his prejudice.**

It is duty of plaintiff in error to show affirmatively that error intervened to his prejudice in trial of the cause.

**2. Evidence ⚖=>470—When opinion evidence of nonexperts admissible, stated.**

Nonexpert opinion evidence may be given in many matters where it is impossible to reproduce and describe in words every detail on which opinion of witness is predicated.

**3. Evidence ⚖=>472(4)—Opinion of passenger as to whether boy was in peril, and whether motorman should have observed peril, held incompetent.**

Opinion of passenger on street car as to perilous position of boy, and whether motorman should have observed peril, *held* incompetent; question being for jury to determine from evidence.

**4. Appeal and error ⚖=>263(1, 3)—In absence of exceptions to charge or to refusal to charge as requested, record presented nothing for review.**

Where no exceptions were taken to any part of charge nor to refusal to charge as requested, record did not present those questions for review, in absence of plain error authorizing appellate court to review matter to prevent gross injustice under rule 11 of the Circuit Court of Appeals, Sixth Circuit.

**5. Appeal and error ⚖=>977(5)—Overruling of motion for new trial is not reviewable by appellate court except for abuse of discretion.**

Overruling of motion for new trial is not reviewable by appellate court except for abuse of discretion.

**6. New trial ⚖=>6—Overruling of plaintiffs' motion for new trial held not abuse of trial court's discretion.**

Overruling of plaintiffs' motion for new trial, in action against street railroad for injuries to boy struck by street car when he fell in front of car, *held* not abuse of trial court's discretion.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Separate actions by Jerome P. Parker, Jr., by his next friend, and by Jerome P. Parker, Sr., against F. S. Elgin and another, receivers of the Memphis Street Railway Company. Judgment for defendants, and plaintiffs bring error. Affirmed.

Jerome P. Parker, Sr., and Jerome P. Parker, Jr., a minor, by his next friend, brought separate actions in the circuit court of Shelby county, Tenn., against F. S. Elgin and T. H. Tutwiler, receivers of the Memphis Street Railway Company. In the one case Jerome P. Parker, Jr., sought to recover damages for personal injuries sustained by him by being struck by a street car then being operated by the agents and employees of the above-named receivers of the Memphis Street Railway Company. In the other case Jerome P. Parker, Sr., father of said minor, sought to recover expenses incurred by him, incident to the injuries received by his son, for doctors, nurses, etc., which it was agreed amounted to $2,960. Upon application of the receivers, both of these cases were removed to the United States District Court, where they were tried together.

It was alleged by each of these plaintiffs in their separate declarations that the defendant's agents and employees were negligent in the operation of the street car that struck and injured Jerome P. Parker, Jr., and that this negligence was the proximate

cause of his injuries. The defendants pleaded 'not guilty and contributory negligence, but on the hearing the plea of contributory negligence was withdrawn.

The accident resulting in these injuries occurred about 150 feet east of the intersection of Peabody avenue and McLean boulevard in the city of Memphis. At this point the street railway has a double-track line on Peabody avenue on a neutral strip construction in the center of the street and separated from the traveled portion by concrete curbs. This strip is not paved or used for traffic, but divides the street in its center; the east-bound traffic using the south portion of the street and the west-bound traffic using the north side. The car was traveling east on the south track at a speed of from 18 to 22 miles per hour. The Parker boy, who was about 12 years of age, was riding a bicycle in a westerly direction, but was on the south side of the neutral strip instead of the north side used for west bound traffic. His bicycle was from 4 to 6 feet from the track, and he was moving slowly toward the oncoming car. When he was first noticed by the witnesses, he was probably about 500 feet away from the car, and a boy companion was walking along beside him and holding the bicycle. This companion left him and went to the south sidewalk, but continued to keep pace with him until the approaching street car was about 72 feet away, at which time he ran out from the sidewalk toward the boy "as if to tag him." The Parker boy either dodged on his bicycle or was shoved by his playmate. His wheel turned to the right, and he fell upon the car track about 30 feet in front of the approaching car, which, before it could be stopped, struck and seriously injured him. Upon the issues joined by the pleading, the jury found in favor of the defendant. A motion for a new trial was overruled, and judgment entered upon the verdict.

J. E. Holmes, of Memphis, Tenn. (Phil M. Canale and Holmes & Canale, all of Memphis, Tenn., on the brief), for plaintiffs in error.

Roane Waring, of Memphis, Tenn. (Miles, Waring & Walker, of Memphis, Tenn., on the brief), for defendants in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). It is claimed on the part of the plaintiffs in error that the motorman in charge of this car was negligent, in that although he could see these boys playing in proximity to the track when he was 500 feet away from them, he did nothing whatever to put his car under control or to slow up the speed of his car until the boy was in the act of falling on the street car track. It was then too late to stop his car in time to prevent injury.

T. O. Vinton, Jr., was a passenger on this car. Being about to leave, he came out on the front platform with the motorman. He saw the children playing in the street about 500 feet away. Counsel for plaintiffs asked this witness whether or not the motorman could tell these boys were in peril. The court sustained an objection to this question, but no exceptions were noted. Counsel then asked the witness, "Well, what was it about this situation that attracted your attention?" To this question the defendant objected and the court sustained the objection. Thereupon counsel for plaintiffs said: "All right, now why was your attention attracted towards those boys?" The defendant objected, and the court said: "Yes, he can detail what he saw, but not the impression that was made upon him." Mr. Holmes, counsel for plaintiffs: "I don't want to get any impression that was made upon him." Thereupon the following question was asked: "What was the boy doing that caused you to look at the boys?" The defendant objected to this question on the ground that he had fully stated what the boys were doing. The Court: "Well, I think he has detailed what they were doing. If there is any particular time that you want to direct his attention to." Mr. Holmes: "We except to your honor's ruling." Later the witness was asked by counsel for plaintiffs: "Why were you watching the boys? A. Well, I was just watching them because I was interested in them; they were there. Q. Well, why were you interested in them?" The Court: "Well, I don't think you can put too much speculation into it." Mr. Holmes: "I don't want to put any speculation into it." Court: "Well, you asked him why." Mr. Holmes: "We except." The record does not disclose that counsel stated to the court the answer expected.

Rule 11 of this court specifically provides that when the error alleged is to the admission or the rejection of evidence, the assignment of error shall quote the full substance admitted or rejected. This is the general rule, not only in the federal courts, but in many, if not all, of the state courts. Shauer v. Alterton, 151 U. S. 607, 616, 14 S. Ct. 442, 38 L. Ed. 286; Anderson Lumber Corp.

v. Lehto (C. C. A.) 282 F. 488; Camp Mfg. Co. v. Beck (C. C. A.) 283 F. 705.

[1] It is the duty of a plaintiff in error to show affirmatively that error intervened to his prejudice in the trial of the cause. Mercantile Trust Co. v. Hansey, 205 U. S. 298, 306, 27 S. Ct. 535, 51 L. Ed. 811, 10 Ann. Cas. 572.

[2, 3] However that may be, the question whether these boys were in peril, and whether the motorman was in position to see their peril in time to prevent the injury, were the ultimate questions, for the jury to determine from the facts and circumstances established by the evidence. Opinion evidence may be given by a nonexpert witness in many matters where it is impossible to reproduce or describe in words every detail upon which the opinion of the witness is predicated, but this is not such a case. The facts and circumstances preceding the injury were not in dispute. They were of such a nature that they could be readily understood by the jury. The testimony of the witness was clear, intelligent, and unambiguous. There were no other facts and circumstances within the knowledge of the witness than those detailed in his testimony, that would place him in better position than the jury to form an opinion of the peril to these children from the approaching car or the duty of the motorman after their location upon the street and their conduct became apparent to him when he was still five hundred feet away. For this reason the opinion of the witness was not competent evidence.

[4] It was also insisted upon the part of the plaintiffs in error that the trial court erred in its charge to the jury and in refusing to give plaintiffs' request. No exceptions were taken to any part of the court's charge, nor was exception taken to the refusal of the court to charge as requested. The record, therefore, does not present these questions. Guerini Stone Co. v. Carlin Constr. Co., 248 U. S. 334, 348, 39 S. Ct. 102, 63 L. Ed. 275; United States v. U. S. Fidelity Co., 236 U. S. 512, 529, 35 S. Ct. 298, 59 L. Ed. 696; Pennsylvania Co. v. Sheeley, 221 F. 901, 905, 137 C. C. A. 471; Eaton v. Clabaugh, 251 F. 575, 163 C. C. A. 569; Glynn v. May (C. C. A.) 271 F. 464; Simmons Hardware Co. v. Railway Co. (C. C. A.) 279 F. 929.

It is urged, however, upon the part of plaintiffs in error, that a reviewing court may notice a plain error not assigned. Under rule 11 of this court, that may sometimes be done to prevent a gross miscarriage of justice, yet nothing appears in this record that would justify this court in departing from its general rule requiring litigants, in fairness to the trial court and in furtherance of the dispatch of judicial business, to present every question to the court upon the trial of the cause. The plaintiffs in error have had a full and fair trial by jury. The charge of the court substantially covered every proposition contained in the request and specifically called the jury's attention to the law in reference to the duty of the motorman and the degree of care he should exercise for the protection of children of such immature age that they cannot be expected to exercise such care for their own safety as would be expected and required of persons of more mature years.

[5, 6] The overruling of a motion for a new trial is not reviewable by an appellate court except for an abuse of discretion. Simmons Hardware Co. v. Railway Co., supra. It is clear that the trial court, in overruling the motion for a new trial, did not abuse its discretion.

For the reasons stated, the judgment of the District Court is affirmed.