**MORRIS et al. v. UNITED STATES.**

(Circuit Court of Appeals, Ninth Circuit. May 10, 1926.)

No. 4720.

1. Indictment and information ⟪⟫129(1)— Joinder in one indictment of count charging partners with making false income tax return, and count charging one partner with false swearing to return, held permissible (Rev. St. § 1024 [Comp. St. § 1690]).

Joinder in one indictment of count charging partners with making false partnership income tax return, and count charging one partner with perjury in making false affidavit to return, held permissible under Rev. St. § 1024 (Comp. St. § 1690), as being for transactions connected together and of same class of crimes.

2. Criminal law ⟪⟫1167(2)—Joinder of counts for perjury and for making false income tax returns is no ground for reversal, where defendants were acquitted on perjury counts.

Joinder in one indictment of counts for perjury and for making false income tax returns is no ground for reversal, where jury acquitted defendants on all perjury counts.

3. Criminal law ⟪⟫1168(2)—Court's refusal to suppress evidence and return defendants' books and papers, taken by internal revenue officers, held not reviewable where books and papers were not offered in evidence.

Court's denial of defendants' petition for suppression of evidence and return of their books and papers taken by internal revenue officers held not reviewable on writ of error to review conviction, where such books and papers were not offered in evidence.

4. Criminal law ⟪⟫620(2)—Irrespective of statute, consolidation of indictments for trial rests in court's sound discretion, to be exercised to avoid unnecessary delay and expense, except where consolidation will prejudice defendant.

Irrespective of statute, consolidation of indictments for trial ordinarily rests in court's sound discretion, which is to be exercised in interest of both parties to avoid unnecessary delay and expense, except where charges are such that consolidation will prejudice defendant or embarrass presentation of his defense.

5. Criminal law ⟪⟫620(2)—Consolidation of six indictments for trial charging partners with making false partnership and individual income tax returns and with perjury in falsely swearing thereto, held proper (Rev. St. § 1024 [Comp. St. § 1690]).

Consolidation of six indictments for trial charging partners with making false partnership and individual income tax returns and perjury in falsely swearing thereto held proper, as charging commission of "same class of crimes" within Rev. St. § 1024 (Comp. St. § 1690), where there were separate verdicts and judgments.

6. Criminal law ⟪⟫1120(2)—Assignment of error that court erred in admitting in evidence memoranda taken by government agents from defendants' records held to present nothing for review.

Assignment of error that court erred in admitting in evidence memoranda taken by government agents from defendants' records held to present nothing for review, where it failed to specify what memoranda were used or nature of evidence introduced.

7. Criminal law ⟪⟫692—Defendants, by voluntarily submitting their books for examination to internal revenue officers, waived right to object to admission in evidence of memoranda taken by officers.

Defendants, by voluntarily submitting their books to examination of internal revenue officers, waived right to object to evidence as to contents of such records in form of memoranda taken by such officers.

8. Criminal law ⟪⟫1043(2)—In prosecution for making false income tax returns, assignment of error that court erred in admitting in evidence books and records of third persons as being hearsay, incompetent, irrelevant, and proof of acts of third persons not binding on defendants, held insufficient (Circuit Court of Appeals rule 11).

In prosecution for making false income tax returns, assignment of error that court erred in admitting in evidence books and records of

named third persons, in that such records were hearsay, incompetent, irrelevant, and proof of acts and records of third parties not binding on defendants, *held* insufficient in failing to direct attention to any specific ruling, to set out substance or effect of evidence so admitted, and to show contents of records, and the errors not being so plain. or of such character that court should consider them, notwithstanding noncompliance with rule 11 of this court, they may be disregarded.

9. **Criminal law** ⬅️**434—In prosecution for making false partnership income tax returns, admission in evidence of books of third persons to show that entries on partnership books were for purchases of goods for individual partners held not error.**

In prosecution for making false partnership and individual income tax returns, admission in evidence of books of third persons to show that certain entries on partnership books were for goods purchased for individual partners *held* not error.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Bert M. Morris and another were convicted of making false income tax returns, and they bring error. Affirmed.

There were six indictments against the plaintiffs in error, each containing two counts. In the first indictment the first count charged them with jointly making a false partnership income tax return for the year 1921. The second count charged Morris with perjury in falsely swearing to that return. In the second indictment they were charged in the first count with having made a false return of partnership income for the year 1920. The second count charged Jones with perjury in falsely swearing thereto. In the third indictment Morris was charged with having made a false return of his income for the year 1920, and the second count charged him with falsely swearing thereto. In the fourth indictment Jones was charged with having made a false return of his taxable income for the year 1920, and in the second count he was charged with perjury in falsely swearing thereto. In the fifth indictment Jones was charged with having made a false income return for the year 1921, and the second count charged him with perjury in swearing thereto. In the sixth indictment Morris was charged with having made a false return of his taxable income for 1921, and the second count charged him with perjury in having sworn thereto. The indictments were consolidated for trial. Verdicts of guilty were rendered upon all the counts charging the making of false income returns, but there was acquittal upon all of the counts charging perjury.

Maxwell McNutt and C. A. Linn, both of San Francisco, Cal., for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] Against each of the first two indictments demurrers and motions to quash were interposed on the ground of misjoinder of causes and of parties, in that in the first count in each both defendants were charged with making a false return of income, while in the second count in each but one defendant was charged with perjury in making a false affidavit to the return. Clearly there was no abuse of discretion in the court's ruling. The joinder of the charges of making false returns was permissible under section 1024, Revised Statutes (Comp. St. § 1690), for they embraced two or more acts or transactions connected together and of the same class of crimes. The plaintiffs in error rely on McElroy v. United States, 164 U. S. 76, 17 S. Ct. 31, 41 L. Ed. 355, where six individual defendants were indicted and charged with assault with intent to kill on April 16 and an assault with intent to kill another person on the same day, arson of the dwelling house of another on May 1, and three of the defendants were charged with arson of the dwelling house of still another on April 16. The court held that such a joinder cannot be sustained where the parties are not the same, and where the offenses are in no wise parts of the same transaction and not provable by the same evidence. But such is not the case here. The defendants were charged in each indictment with making false partnership income returns and one of them was charged with making false affidavit thereto. These charges grew out of the same transactions. The falseness of the returns and the falseness of the affidavits were provable by the same evidence, and both defendants might properly have been charged with complicity in the perjury. But in any event the joinder of counts for perjury with counts for making false returns is no ground for reversal in a case where, as here, the jury acquitted the defendants on all the perjury counts. Commonwealth v. Adams, 127 Mass. 15; Ketchingman v. State, 6 Wis. 426; State v. Morris, 58 Or. 397, 114 P. 476; State v. Solon, 247 Mo. 672, 153 S. W. 1023; Myers v. State, 92

Ind. 390; Reed v. State, 147 Ind. 41, 46 N. E. 135.

[3] Error is assigned to the denial of the petition of the defendants for the suppression of evidence and the return of certain of their books and papers. Concerning this assignment, all that appears from the record is that a petition was filed alleging that certain named officers of the Internal Revenue Department had taken the books into their possession, had examined the same, and had made memoranda therefrom, and had delivered the books to the United States attorney; that the examination and seizure without a search warrant was illegal for all purposes except the determination of the civil tax liability of the petitioners. The prayer of the petition was that the court direct the return of the papers and books to the petitioners, and that the use thereof in evidence be suppressed, to which petition it appears one of the officers of the Internal Revenue Department answered, denying that he or the other named officers had possession of said books or papers, and upon a hearing the petition was denied. No error can be predicated upon that ruling of the court. The books and papers referred to in the petition were not offered in evidence on the trial, and, even if there were error in denying the petition, it was not error which in any way affected the trial of the cause so far as appears from the bill of exceptions.

[4, 5] Error is assigned to the consolidation of the six indictments for trial. Irrespective of statutory authority the consolidation of indictments for trial as was done in this case ordinarily rests in the court's sound discretion, a discretion to be exercised with a view to the avoidance of unnecessary delay and expense and in the interest of both parties, except in a case where the charges are of such a nature that consolidation will result in prejudice to the defendant or embarrassment in the presentation of his defense. Logan v. United States, 144 U. S. 263, 296, 12 S. Ct. 617, 36 L. Ed. 429; Brown v. United States, 143 F. 60; 74 C. C. A. 214. And, if regard is had to the statute, it will be seen that the indictments in the present case alleged against the defendants the commission of offenses of "the same class of crimes" within the meaning of section 1024. Kelly v. United States, 258 F. 392, 169 C. C. A. 408; De Luca v. United States (C. C. A.) 299 F. 741; Goldberg v. United States (C. C. A.) 297 F. 98. The consolidation here was not a unification of the six indictments for trial. No indictment lost its identity. The material rights of the defendants as to each were conserved. All that was done was that the indictments were tried together as a matter of expedition and economy. Separate verdicts were rendered in each, and separate judgments were thereupon imposed. No prejudice could have resulted to the defendants.

[6, 7] The assignment that the court erred in admitting in evidence memoranda taken by the government agents from documents, records, and papers belonging to the defendants brings nothing to the attention of this court, for it fails to specify what memoranda were used or what was the nature of the evidence thus introduced; nor does it appear that such evidence if offered was subject to objection. If the books from which the memoranda were taken were the books referred to in the petition for their return, they were admitted to have been voluntarily submitted to the examination of the officers, and there could be no objection to such officers making and using memoranda taken therefrom, for by thus voluntarily submitting their books to examination the defendants waived the right to object to evidence of the contents thereof. Levin v. United States (C. C. A.) 5 F.(2d) 598.

[8, 9] Also without avail is the assignment that the court erred in admitting in evidence certain books and records of third parties, "to wit, A. I. Hall Company, American Asiatic Trading Company, California Paint Company, S. A. Born Company, City of Paris Company, the Whitehouse, Bank of Italy, Anglo-California Trust Company," and sixteen other named companies and firms, for the reason that such books and records were hearsay, incompetent, irrelevant, and proof of acts and records of third parties not binding on the defendants. Such an assignment of error is wholly insufficient to direct attention to any specific ruling of the trial court. It is insufficient, in that it fails to set out the substance or purport of any of the evidence so admitted. There is also utter failure to show the contents of the said books or records, and, as the alleged errors are not so plain or of such a character that this court should consider them, notwithstanding the noncompliance with its rule 11, they may well be disregarded. Newman v. Virginia, T. & C. Steel & Iron Co., 80 F. 228, 25 C. C. A. 382; Garrett v. Pope Motor Co., 168 F. 905, 94 C. C. A. 334. The purpose of the evidence so obtained from the books of third parties was to show that certain entries appearing on the defendants' partnership books were for the purchase of items of merchandise for the benefit of individual members of the firm and not for the partnership. The books of the firms from which the goods were bought

showed only the nature of the merchandise and the amounts paid therefor, and as to these there was no dispute. It was obviously impossible to produce better evidence than the entries themselves, and we are not convinced that the rulings of the trial court were not permissible within recognized principles. Wisconsin Steel Co. v. Maryland Steel Co., 203 F. 403, 121 C. C. A. 507; Matson Navigation Co. v. United Engineering Works, 213 F. 293, 129 C. C. A. 639; E. I. Du Pont De Nemours & Co. v. Tomlinson (C. C. A.) 296 F. 634; The Spica (C. C. A.) 289 F. 436; Straus v. Victor Talking Mach. Co. (C. C. A.) 297 F. 791.

The judgments are affirmed.